IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA
ex rel. BARBARA BERNIER,

    Plaintiff,

vs.

INFILAW CORPORATION,
a Florida corporation; and
CHARLOTTE SCHOOL OF LAW, LLC,
a foreign limited liability company,

    Defendants.

Case No. 6:16-cv-970-ORL-37DAB

**FILED UNDER SEAL PURSUANT TO**
**31 U.S.C. § 3730(b)**

## UNITED STATES' EX PARTE CONSENT APPLICATION
## FOR PARTIAL LIFTING OF THE SEAL
## AND LEGAL MEMORANDUM IN SUPPORT

For the reasons set forth herein, the United States of America respectfully petitions this Court for an ex parte order partially lifting the seal in this case to allow the United States to disclose, in its discretion, in whole or in part, the Complaint (and any amended complaints that relator may file) in this case, any other sealed filings or documents in this case, and/or the nature of the claims asserted therein, to: (1) the Defendants and their counsel; (2) any other Relators and their counsel who have filed, or will file, qui tam actions based in whole or in part upon allegations such as those asserted in this case, and (3) the court or courts presiding over such other qui tam actions.

The undersigned has asked counsel for the Relator in this case to consent to the above relief. Counsel for the Relator in this case advised that Relator consents.

S-10

I.  Background

Pursuant to the False Claims Act, 31 U.S.C. § 3729 et seq. ("FCA"), the Relator served a copy of their proposed qui tam Complaint on the United States Attorney for the Middle District of Florida on or about June 10, 2016 and to the Attorney General on June 13, 2016. The Complaint alleges that Defendants have violated the Department of Education's Program Participation Agreement regulations, 34 C.F.R. § Part 600 and 34 C.F.R. § Part 668, by accepting underqualified students and re-certifying academically underqualified students for federal financial aid contrary to Title IV of the Federal Statutes and the Higher Education Act.

II.  Points and Authorities

The Court's seal imposed under the FCA is intended for the Government's benefit, and allows the Government to pursue its inquiries into a relator's allegations on a confidential basis, to fully evaluate the evidence, and to determine whether or not to intervene in a qui tam action. As the legislative history states:

> Keeping the qui tam complaint under seal is intended to allow the Government an adequate opportunity to fully evaluate the private enforcement suit and determine both if that suit involves matters the Government is already investigating and whether it is in the Government's interest to intervene and take over the civil action.

S. Rep. No. 99-345, 99th Cong. 2nd Sess. 24 (1986), reprinted in 1986 U.S. Code Cong. & Admin. News 5266, 5289.

The United States has determined that its investigation may be advanced through the carefully timed disclosure of this qui tam action to the Defendants and their counsel. Properly timed, this disclosure will hopefully facilitate the Defendants' cooperation with the Government's inquiry, and permit the Defendants more fully to respond to the factual and legal issues raised by the investigation. In addition, such disclosure may improve and

2

accelerate the prospect for an out-of-court resolution of this matter without the involvement of the Court.

Under the circumstances, it is possible that there are or will be overlapping qui tam cases filed which would raise "first to file" issues, see 31 U.S.C. § 3130 (e)(3), and other coordination challenges. To address those matters as they arise and to obviate the need for serial motions for partial lifts of the Court seal, the United States seeks permission here to disclose the existence of this qui tam action and provide a copy of the complaint to relators and their counsel that have filed, or may in the future file, other qui tam actions with overlapping allegations against these defendants, as well as to the court presiding over such cases. Permitting the Government to make such disclosures will permit us to inform the courts about related cases in other jurisdictions that may affect the nature and timing of the investigation into these issues.

III. Conclusion

For the reasons discussed above, the United States respectfully requests that the Court partially lift the seal in this case, as set forth herein and in the proposed Order submitted herewith.

Dated this 29th day of July, 2016.

                              Respectfully submitted,

                              LEE BENTLEY, III
                              United States Attorney

By: _____
                              JEREMY R. BLOOR
                              Assistant United States Attorney
                              Florida Bar No. 0071497
                              400 W. Washington Street, Suite 3100
                              Orlando, FL 32801
                              Telephone: (407) 648-7500
                              Fax: (407) 648-7643
                              Email: Jeremy.Bloor@usdoj.gov