IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA
*ex rel.* BARBARA BERNIER,

      Plaintiff,

v.

INFILAW CORPORATION, a Florida
Corporation, and CHARLOTTE SCHOOL
OF LAW, LLC, a foreign limited liability
company,

      Defendants.
_____/

Case No. 6:16-cv-970-Orl-37DAB

**FILED UNDER SEAL**

## UNITED STATES' *EX PARTE* MEMORANDUM IN SUPPORT OF ITS *EX PARTE* APPLICATION FOR EXTENSION OF TIME TO INTERVENE AND CONCURRENT EXTENSION OF THE SEAL

The United States of America respectfully submits this memorandum in support of its unopposed *ex parte* application for an order under the False Claims Act, as amended, 31 U.S.C. § 3730(b)(3), extending for six months the time during which the United States may consider intervening in the above-captioned *qui tam* action and during which time the government requests that the complaint and related filings remain under seal, except as ordered by this Court.

**I.    Background**

Relator Barbara Bernier filed this action pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b), on June 6, 2016, on behalf of the United States. Relator completed service on the United States on June 13, 2016. The current intervention deadline is thus August 12, 2016.

Defendant Infilaw Corporation (Infilaw) is a foreign profit corporation whose principal place of business is in Naples, Florida. Defendant Charlotte School of Law, LLC (CSOL) is a limited liability company operating a private, for-profit law school in North Carolina. CSOL is owned and serviced by Infilaw.

Relator asserts that a majority of CSOL's students receive financial aid under Title IV of the Higher Education Act of 1965, 20 U.S.C. § 1070 *et seq.*, which establishes various federal student loan and grant programs. Because Title IV loans and grants are distributed directly to schools, Relator asserts that CSOL has received millions of dollars annually from the U.S. Department of Education.

A school may participate in Title IV programs only if it enters into a written program participation agreement with the U.S. Secretary of Education. 20 U.S.C. § 1094(a); 34 C.F.R. § 668.14. The agreement conditions initial and continuing eligibility to participate in Title IV programs upon compliance with various statutory and regulatory provisions. 20 U.S.C. § 1094(a); 34 C.F.R. § 668.14. Relator alleges that CSOL and Infilaw falsely claimed funds from Title IV programs in violation of 34 C.F.R. Part 600 and Part 668 by: (1) receiving and delaying distribution of federal financial aid funds to students while holding the funds in a separate Infilaw account; (2) admitting and recertifying unqualified and underqualified law students in order to continue receiving federal funds; (3) unilaterally lowering minimum G.P.A. requirements in order to re-certify students to the Department of Education and receive additional federal financial aid; and (4) conspiring to avoid compliance with American Bar Association rules and federal regulations.

## II. Points and Authorities

The False Claims Act permits a private party to bring suit to recover damages allegedly suffered by the United States due to fraud. Under 31 U.S.C. § 3730(b)(2), the complaint, filed *in camera*, remains under seal for at least sixty days and shall not be served on the defendant until the Court so orders. Under 31 U.S.C. § 3730(b)(3), the United States may, for good cause shown, move the court for extensions of the time during which the complaint remains under seal. Extension of the seal and intervention deadline is crucial to permit the United States to conduct a thorough investigation, sufficient to make a well-informed decision whether intervention is warranted.

The United States respectfully submits that good cause exists here for an extension of time. The United States has met with relator and is currently investigating the claims raised in the complaint. This necessitates coordination with the Department of Justice and the Department of Education as well as obtaining CSOL admissions records and statistics. There are two additional related *qui tam* cases pending before the U.S. District Court for the Middle District of Florida. In each of the three cases, the court has issued an order granting the United States' request for a partial lift of the seal in order to facilitate a comprehensive investigation and coordinate with relators. In addition, prior to the filing of the three *qui tam* cases, the Criminal Division of the United States Attorney's Office for the Western District of North Carolina had initiated a criminal investigation of CSOL and Infilaw Corporation. The United States requires sufficient time to investigate the relevance of these overlapping matters. Moreover, Relator here does not have specific knowledge of CSOL practices that may be pertinent to the investigation but identified multiple witnesses with knowledge relevant to this case. In the next investigative

period, the government intends to interview these witnesses, as well as obtain and analyze relevant CSOL records and data. The United States will then need to review that information and identify other potential witnesses to interview and other entities that may hold records relevant to the investigation.

To give it sufficient time to complete these tasks, the United States asks that the Court extend the intervention deadline by a period of six months, from August 12, 2016, to and including February 13, 2017. The requested extension will allow the United States to fully assess the evidence and make informed decisions about how to proceed in the civil and criminal matters. Further, given the open criminal investigation, unsealing the *qui tam* case at this time would likely prejudice the criminal investigation.

## III. Conclusion

The United States respectfully requests that the Court grant this application and extend the time to make an intervention decision up to and including February 13, 2017, and that the Court maintain this *qui tam* action, and all documents filed herein, under seal during that time, except as ordered by this Court.

Dated: August 8th, 2016

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
Civil Division

A. LEE BENTLEY, III
United States Attorney

By: _____
JEREMY R. BLOOR
Assistant United States Attorney
Florida Bar No. 0071497
Office of the United States Attorney
For the Middle District of Florida
300 West Washington Street, Suite 3100
Orlando, FL 32801
Tel. (407) 648-7514
Fax (407) 648-7588
Jeremy.Bloor@usdoj.gov

MICHAEL GRANSTON
RENÉE BROOKER
ANDREW BRAVER
Attorneys, Civil Division
Commercial Litigation Branch
Department of Justice
P.O. Box 261, Ben Franklin Station
Washington, DC 20044
Tel: (202) 305-1789
Fax: (202) 307-3852
Andrew.E.Braver@usdoj.gov

## CERTIFICATE OF NO SERVICE

I HEREBY CERTIFY that the foregoing *Ex Parte* Memorandum in Support of the United States' Unopposed *Ex Parte* Application for Extension of Time to Intervene and Concurrent Extension of the Seal was not served on any party including Relator and her counsel because it contains confidential details of the United States' investigation to date.

/s/ Jeremy R. Bloor
Jeremy R. Bloor
Assistant United States Attorney