IN THE UNITED STATES DISTRICT
COURT FOR THE MIDDLE DISTRICT
OF FLORIDA ORLANDO DIVISION

UNITED STATES OF AMERICA
*ex rel.* BARBARA BERNIER,

    Plaintiff,

vs.

Case No. 6:16-cv-970-ORL-37DAB

INFILAW CORPORATION,
a Florida corporation; and
CHARLOTTE SCHOOL OF LAW, LLC,
a foreign limited liability company,

FILED UNDER SEAL
31 U.S.C. § 3730(b)

    Defendants.

_____/

## UNITED STATES' UNOPPOSED MOTION
## TO MAINTAIN PORTIONS OF THE RECORD UNDER SEAL

The United States of America, by and through the undersigned counsel, hereby files the United States' Unopposed Motion to Maintain Portions of the Record Under Seal. By this motion, the United States respectfully requests that the Court maintain the seal over this motion and docket entries S-2, S-3, S-4, S-5, S-7, and S-8. Relator's counsel concurs with the United States' request.

As explained more fully below, this information should be kept confidential because it pertains to the government's "investigatory techniques, decision-making processes, and reasoning arguably applicable to similar" False Claims Act actions, and also "may be fairly said to detail the [g]overnment's process of deliberation in investigating and determining whether to intervene in" the instant *qui tam* action. *See* Doc. 30 at 2 in *United States ex rel. Perkins v. WellCare Health Plans, Inc., et al.*, Case No. 8:12-cv-2032-T-30EAJ, at 2 (M.D. Fla. July 2, 2015) (Jenkins, M.J.) (granting government's request to seal certain portions of its

extension memoranda). The government does not object to the remainder of the case file being unsealed.

## BACKGROUND

Relator Barbara Bernier initiated this case in June of 2016 under the *qui tam* provisions of the False Claims Act (FCA), 31 U.S.C. § 3729, *et seq.*, against defendants Infilaw Corporation and Charlotte School of Law, LLC. As required by statute, the relator filed her *qui tam* Complaint under seal and served a copy on the United States.

The United States thereafter investigated this matter and filed a request to partially lift the seal, as well as two motions to extend the seal and the intervention deadlines in this case. The relator consented to both motions to extend the seal. All three motions were granted by the Court. The United States is unable at this time to determine whether to intervene in this action and is filing simultaneously with this motion a notice that it is not intervening at this time.

## ARGUMENT

It is well settled that the public has "a general right to inspect and copy public records and documents, including judicial records and documents." *Perez-Guerrero v. United States Attorney General*, 717 F.3d 1224, 1235 (11th Cir. 2013) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978)). The public's right to inspect judicial records and documents is grounded in the common-law right of access, *id.*, and creates a presumption in favor of public access to "[m]aterial filed in connection with any substantive pretrial motion, unrelated to discovery," *Romero v. Drummond Co, Inc.*, 480 F.3d 1234, 1245-46 (11th Cir. 2007).

While the public has a right of access to judicial records, that right is not absolute and may be overcome by a showing of good cause based on the relevant facts and circumstances of a particular case. *Romero v. Drummond Co, Inc.*, 480 F.3d 1234, 1245-46 (11th Cir. 2007); *Perez-Guerrero v. United States Attorney General*, 717 F.3d 1224, 1235-36 (11th Cir. 2013). In the context of FCA cases, the facts and circumstances that courts typically consider in evaluating whether good cause exists to support a sealing request include the breadth of the sealing order sought, the public's interest in disclosure of the information sought to be sealed, the defendant's need for the sealed information, and the harm to the government and the relator caused by the disclosure of that information. *See* Doc. 28 at 2-4 in *Perkins, supra* (court's determination of good cause requires balancing of public's right of access against government's interest in keeping information confidential); Doc. 9 at 2-4 in *United States ex rel. Nichols v. The Sleep Medicine Center, et al.*, No. 3:12-cv-1080-J-25PDB, at 2-4 (M.D. Fla. Oct. 10, 2014) (Barksdale, M.J.).

In this case, the breadth of the government's sealing request is limited. In particular, the government seeks only to keep under seal those portions of the record that pertain to its investigative techniques and strategy, the existence of related investigations, and its process of deliberation in investigating and determining whether to intervene in this action. The disclosure of such confidential information could potentially jeopardize the government's ability to prosecute fraud in other FCA cases, insofar as it would alert defendants to the government's investigative methods, strategy and thought processes. More importantly, disclosure of the government's extension requests and partial lift of the seal would alert defendants to the existing, related investigations that remain ongoing.

Furthermore, this confidential information—which effectively constitutes protected work product—would not normally be revealed to defendants in a non-*qui tam* action, and its disclosure here could potentially have a chilling effect on the government's future extension applications to the Court in other FCA cases. As one court has stated, it is in the interest of courts "to encourage the [g]overnment to be as candid as possible about the status of its investigation" and that this practice may require the government to disclose information otherwise protected by the work product privilege. *U.S. ex rel. Tiesinga v. Dianon Systems, Inc.*, 2006 WL 2860606, at *2 (D. Conn. Oct. 3, 2006). "When that occurs, courts should be vigilant to ensure that the [g]overnment is not penalized for its commendable candor with the court, at least while the action is still pending." *Id.*

Based on these concerns, both this Court and numerous other courts have found the public's right of access to such investigative, strategic and deliberative process-related information to be outweighed by the government's interest in maintaining the confidentiality of that information. *See, e.g.*, Doc. 30 at 2 in *Perkins*, *supra* (granting government's request to seal certain portions of its extension memoranda because such confidential information "may reasonably be construed to contain the [g]overnment's investigatory techniques, decision-making processes, and reasoning arguably applicable to similar FCA actions," and also "may be fairly said to detail the [g]overnment's process of deliberation in investigating and determining whether to intervene in FCA actions"); Doc. 16 in *United States ex rel. DeNomme v. Powell*, Case No. 00-0768-CB-C (S.D. Ala. Oct. 31, 2001) (declining to unseal government's extension memoranda because, even though they "did not discuss specifics of the [g]overnment's investigation, the information did, at least to some extent, reveal the [g]overnment's strategy and thought processes concerning [its]

investigation of the claim"); *United States ex rel. O'Keefe v. McDonnell Douglas Corp.*, 902 F. Supp. 189, 192 (E.D. Mich. 1995) (denying defendant's motion to unseal those portions of government's extension memoranda which "provide[d] some substantive details regarding the government's methods of investigation," finding that "[t]here would be some harm associated with the disclosure of such details"); *United States ex rel. Stephens v. Prabhu*, 1994 WL 761236, at *1 (D. Nev. Dec. 9, 1994) (denying defendants' motion to unseal government's extension memoranda because such memoranda "concern the diligence of the government's investigation, its investigative strategy, and its need for additional time to investigate") (internal citation omitted); *cf.* Doc. 28 in *United States ex rel. Hopper, et al. v. Solvay Pharm., Inc., et al.*, Case No. 8:04-cv-2356-T-23TGW, at 2 (M.D. Fla. Nov. 17, 2006) (Merryday, J.).

## CONCLUSION

For all of the reasons set forth above, the United States respectfully requests that the Court maintain under seal this motion and documents S-2, S-3, S-4, S-5, S-7, and S-8. As noted above, the United States does not object to the remainder of the case file being unsealed.

Dated: August 14th, 2017

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
Civil Division

W. STEPHEN MULDROW
Acting United States Attorney

By: *[signature]*
JEREMY R. BLOOR
Assistant United States Attorney
Florida Bar No. 0071497
Office of the United States Attorney
For the Middle District of Florida
400 West Washington Street, Suite 3100
Orlando, FL 32801
Tel. (407) 648-7514
Fax (407) 648-7588
Jeremy.Bloor@usdoj.gov

MICHAEL GRANSTON
ALLISON CENDALI
ANDREW BRAVER
Attorneys, Civil Division
Commercial Litigation Branch
Department of Justice
P.O. Box 261, Ben Franklin Station
Washington, DC 20044
Tel: (202) 305-1789
Fax: (202) 307-3852
Andrew.E.Braver@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of August, 2017, true and correct copies of the foregoing Unopposed Motion to Maintain Portions of The Record under Seal was served by first-class mail, postage pre-paid, on the following counsel of record:

Coleman W. Watson, Esq.
Watson, LLP
189 S. Orange Avenue, Suite 810
Orlando, FL 32801

_____
Jeremy R. Bloor
Assistant United States Attorney