**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* BARBARA BERNIER, | )<br>)<br>)<br>) |
| Plaintiff, | ) Case No. 6:16-cv-00970-RBD-TBS |
| v. | )<br>)<br>) |
| INFILAW CORPORATION, a Florida Corporation, and CHARLOTTE SCHOOL OF LAW, LLC, a foreign limited liability company, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**DEFENDANTS' MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF THEIR MOTION TO DISMISS AMENDED COMPLAINT**

Defendants InfiLaw Corporation ("InfiLaw") and Charlotte School of Law, LLC ("CSL") (collectively, "Defendants") move for leave to file a reply in support of Defendants' Motion to Dismiss Plaintiff Barbara Bernier's Amended Complaint (Dkt. No. 53) ("Motion"). In accordance with Local Rule 3.01(c)-(d), Defendants propose to file a reply limited to 10 pages no later than 14 days after entry of an order granting the requested relief.

The Court will benefit significantly from a reply brief for at least three reasons. First, unlike a typical motion to dismiss based solely on allegations in the complaint, the Motion here is based, in part, on the False Claims Act's ("FCA") public disclosure bar and therefore necessarily brings to the Court's attention facts (in the form of those public disclosures) not present in the Amended Complaint (Dkt. No. 48) ("AC"). *See* Mot. at 13-29. Specifically, Defendants cited 27 publicly available sources comprising prior public disclosures that bar

Plaintiff's claims. *Id*. Accordingly, Plaintiff's Opposition (Dkt. No. 56) contains her first argument as to why these previous public disclosures allegedly do not prevent application of the public disclosure bar. Opp. at 17-25. Defendants have not had any opportunity to respond to these arguments. In addition to these first-time arguments on whether the prior media reports trigger the public disclosure bar, Plaintiff suggests that some of these news sources should be disregarded, which, Defendants should be permitted to address. *Id*. at 19-21. Plaintiff also argues that she is an "original source" because she "materially adds" to the public disclosures by allegedly "disclos[ing] the essential elements to a fraudulent scheme." *Id*. at 25. The Court would benefit from having Defendants' response to these new arguments.

Second, the Opposition raises new issues not raised or addressed in the Motion. Specifically, Plaintiff inexplicably quotes an outdated version of the FCA (Opp. at 6), which requires a response; takes the novel position that under *Universal Health Servs., Inc. v. U.S. ex rel. Escobar*, 136 S. Ct. 1989 (2016), a defendant impliedly certifies compliance with all conditions of payment whenever it submits a request for payment (Opp. at 8); makes the novel argument that "federal courts in Title IV cases routinely recognize that post-PPA conduct is sufficient to draw the inference that an academic institution never intended to comply with the conditions in the initial PPA" (Opp. at 14-15); and raises arguments that appear to recharacterize the allegations contained in her AC (Opp. at 12, 14-16).

Finally, the Opposition includes an impermissible request for relief. Notwithstanding that Plaintiff already amended the complaint once after reviewing Defendants' original motion to dismiss, Plaintiff begins and ends her Opposition with an "alternative" request for leave to file a second amended complaint. Opp. at 2, 27. Even if such a request was appropriate,

Defendants should have the opportunity to address why Plaintiff's alternative request is unjustified, as she has provided no basis demonstrating how an amendment would cure the complaint's deficiencies. By including this request in her Opposition, Plaintiff is effectively preventing Defendants from responding to what should be a separate motion, because the usual rule against reply briefs would prevent any response.

For these reasons, Defendants respectfully request leave to file a brief 10-page reply.

| | |
|---|---|
| Dated: January 2, 2018 | Respectfully submitted, |

*/s/ David E. Mills*
**David E. Mills, Esq.**
**COOLEY LLP**
1299 Pennsylvania Avenue
Washington, D.C. 20004
Tel: (202) 842-7800
Fax: (202) 842-7899
Email: dmills@cooley.com
*Trial Counsel*

**Mazda K. Antia, Esq.**
**COOLEY LLP**
4401 Eastgate Mall
San Diego, CA 92121
Tel: 858-550-6000
Fax: 858-550-6420
Email: mantia@cooley.com

**Vincent A. Citro, Esq.**
Florida Bar. No. 0468657
**LAW OFFICES OF MARK L. HORWITZ, P.A.**
17 East Pine Street
Orlando, FL 32801
Tel: (407) 843-7733
Fax: (407) 849-1321
Email: vince@mlhorwitzlaw.com

*Counsel for Defendants InfiLaw Corporation and Charlotte School of Law, LLC*

**CERTIFICATE OF CONFERENCE**

I HEREBY CERTIFY that on January 2, 2018, I conferred with counsel for Plaintiff regarding the foregoing motion requesting leave to file a reply, and the parties could not reach an agreement.

/s/ David E. Mills
David E. Mills, Esq.
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 2, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record, including the following:

Coleman W. Watson, Esq.
Watson LLP
189 S. Orange Avenue, Suite 810
Wilmington, DE  19808

*Counsel for Plaintiff Barbara Bernier*


Jeremy Ronald Bloor
US Attorney's Office
Suite 3100
400 W Washington St
Orlando, FL 32801

*Counsel for United States of America*


　　　　　　　　　　　　　　　　　　　　　*/s/ David E. Mills*
　　　　　　　　　　　　　　　　　　　　　David E. Mills, Esq.
　　　　　　　　　　　　　　　　　　　　　*Counsel for Defendants*