Leia V. Leitner, Esq.
WATSON, LLP
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
leia@watsonllp.com

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *EX REL.*, BARBARA BERNIER, §§§§ | |
| Plaintiff, §§ | Case No.:  6:16-cv-00970-RBD-TBS |
| vs. §§ | **MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO STAY** |
| INFILAW CORPORATION; CHARLOTTE SCHOOL OF LAW, LLC, §§§ | |
| Defendants. §§§§§ | |

Relator, BARBARA BERNIER, by and through her undersigned counsel, hereby files this Memorandum of Law in Opposition to Defendants', INFILAW CORPORATION and CHARLOTTE SCHOOL OF LAW, LLC (collectively hereinafter referred to as "Defendants"), Motion to Stay, Doc. 60, and in support thereof, states as follow:

## I.    INTRODUCTION.

Defendants attempt to delay the prosecution of this lawsuit by filing the instant motion to stay discovery pending resolution of their Motion to Dismiss Relator's Amended Complaint.  Doc. 53.  Defendants, however, cannot meet their burden to show that this

MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION TO STAY - 1
Case No.:  6:16-cv-00970-RBD-TBS

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

Court should depart from the well-established procedures contained in the Federal Rules of Civil Procedure, the Middle District of Florida's Discovery Handbook, and applicable case law indicating that, absent exceptional circumstances, discovery *should* proceed a motion to dismiss is pending.   In fact, Defendants cannot adequately demonstrate that they will be unduly prejudiced if discovery proceeds, just as Defendants cannot show that Relator's amended complaint "demonstrates that Bernier still cannot satisfy the pleading standards." Doc. 60 at 1.  A cursory review of Defendants' motion to dismiss, however, will reveal that it is due to be denied because Relator has adequately met the notice pleading standard under Rule 8, and the heightened pleading standard under Rule 9(b).

Defendants' position that a stay is appropriate is inconsistent with their written responses to Relator's discovery requests [1] *agreeing* that they will produce certain documents, and fully executing a Confidentiality Agreement as to those documents between the parties.  Despite this, Defendants now claim that they will not produce the documents responsive to Relator's discovery requests until resolution of the instant Motion to Stay and pending Motion to Dismiss.  This position has thwarted Plaintiff's ability from gathering the pertaining information before submission of its expert witness disclosures and reports before the deadline of October 8, 2018 set by this Court's Case Management and Scheduling Order.  Doc. 43 at 3.

---

[1] On December 18, 2017, Defendants served written discovery responses to Bernier's First Request for Production of Documents agreeing to produce certain documents (*i.e.* Request Nos. 27, 29, 30, 31, 33, 34, 47, 48, 49, 50, 51, and 53), but now claim that the pending motion to dismiss, and instant motion, somehow absolves them from producing these documents.

MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION TO STAY - 2
Case No.:  6:16-cv-00970-RBD-TBS

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

1

2    For the reasons stated below, the Defendants have failed to establish any factual,

3    practical, or legal basis to prevent discovery from proceeding in this case.  In short,

4    Defendants have not asserted any reasonable grounds upon which this Court should stay

5    discovery, and this case should proceed under normal discovery procedures so as not to

6    disturb the deadlines set forth in this Court's Case Management and Scheduling Order.  *See*

7    *generally* Doc. 43.

8    **II.    BACKGROUND.**

9        On June 6, 2016, Bernier filed the instant *qui tam* action under seal against the

10   Defendants who were collectively involved in a scheme to defraud the federal

11   government out of millions of dollars through substantial misrepresentations made in

12   connection with the nature of its academic programs in order to obtain Title IV federal

13   funding.  *See generally* Doc. 1.  On November 10, 2017, Bernier filed an amended

14   complaint, under seal, which is the operative complaint before this Court at this time.

15   Doc. 48.  As detailed in Bernier's Second Amended Complaint, Defendants' scheme is

16   predicated on submission of false claims to the Department of Education ("DOE"), which

17   was achieved by falsely, and impliedly, representing every year that it was in compliance

18   with Title IV, and its implementing regulations, as well as the PPA, and re-certifications.

19   *Id.*

20       On December 4, 2017, Defendants filed their motion to dismiss.  Doc. 53.  On

21   December 22, 2017, Bernier responded in opposition.  Doc. 56.  On January 9, 2018,

22   Defendants filed their Reply in Support of their Motion to Dismiss Amended Complaint.

23   Doc. 59.  On January 19, 2018, Defendants' filed their Motion to Stay Discovery based

24

25

MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION TO STAY - 3
Case No.:  6:16-cv-00970-RBD-TBS

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

on the pendency of their motion to dismiss, despite withholding certain documents they have indicated in written response would produce.  Doc. 60.  For the reasons stated below, Defendants' motion for stay of discovery is due to be denied.

## III.   LEGAL STANDARD.

A request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case." *Mid-Continent Cas. Co. v. G.R. Constr. Mgmt.*, Inc., No. 2:17-CV-55-FTM-38CM, 2017 WL 3394231, at *2 (M.D. Fla. Aug. 8, 2017) (citing *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (citation omitted).  To this end, the court must take a "preliminary peek" at the merits of the dispositive motion to see if it "appears to be clearly meritorious and truly case dispositive." *Id.* (citation and internal quotation marks omitted).  This does not require the Court to decide on a pending dispositive motion.  *See Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997).  The Court must also balance the harm produced by a delay in discovery against the possibility the motion will be granted and entirely eliminate the need for such discovery, which involves "weighing the likely costs and burdens of proceeding with discovery." *McCabe*, 233 F.R.D. at 685 (citation and quotation marks omitted).  The Court has broad discretion to stay discovery pending resolution of a dispositive motion. *Hovermale v. Sch. Bd. of Hillsborough Cty Fla.*, 128 F.R.D. 287, 289 (M.D. Fla. 1989).

## IV.   ARGUMENT

Defendant's Motion to Stay discovery is due to be dismissed for a multitude of reasons.  First, the Federal Rules of Civil Procedure and the Middle District of Florida's Discovery Handbook do not support a stay of discovery pending the resolution of a motion

MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION TO STAY - 4
Case No.:  6:16-cv-00970-RBD-TBS

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

to dismiss.  Second, the Defendants have not, and cannot meet, the heavy burden of showing of prejudice to show that a stay of discovery is warranted.  Third, a preliminary peek at Defendants' motion to dismiss will indicate that a stay is improper because Relator has met the pleading standards for a FCA action under the Federal Rules of Civil Procedure. For these reasons alone, this court should not hesitate to deny Defendants' motion to stay.

**A.    The Rules Governing Discovery Do Not Support A Stay Of Discovery Because Motions To Stay Discovery Tend To Delay Resolution Of Proceedings, Creates Case Management Problems, And Cause Unnecessary Litigation Expenses.**

As an initial matter, the Federal Rules of Civil Procedure do not provide that a defendant in a false claims act to unilaterally stop all discovery by simply filing a motion to dismiss.  The drafters of the Federal Rules of Civil Procedure would have added a provision that contemplated that a motion to dismiss would stay discovery as a matter of course.  It did not.  Such a delay would increase litigation expenses and prevent a plaintiff from expeditiously litigating his or her claims.  *See Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir.2002) ("Given the caseload of most district courts and the fact that cases can sometimes stretch out over years, district courts must have discretion and authority to ensure that their cases move to a reasonably timely and orderly conclusion.").

The Middle District Court of Florida's Discovery Handbook explicitly states that stays of discovery are rarely granted, and states the following:

> Stays of Discovery.  Normally, the pendency of a motion to dismiss or a motion for summary judgment will not justify a unilateral motion to stay discovery pending resolution of the dispositive motion.  Such motions for stay are rarely granted. However, unusual circumstances may justify a stay of discovery in a particular case upon a specific showing of

MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION TO STAY - 5
Case No.:  6:16-cv-00970-RBD-TBS

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

prejudice or undue burden.  This policy also applies to cases
referred to arbitration or mediation under the Local Rules.

*See* Middle District Discovery (2015) at 5. (emphasis added); *see also United States v. Space Coast Medical Associates, L.L.P.,* No. 6:13–cv–1068–ORL–22TBS, 2014 WL 12616951 at \*2 (M.D. Fla. Dec. 3, 2014) (denying a motion to stay discovery pending the resolution of a pending motion to dismiss relator's false claims act complaint because "the Court was not convinced of "an immediate and clear possibility" that the motion to dismiss will significantly narrow the issues or dispose of Plaintiffs' entire second amended complaint.")

As a procedural matter, Defendants motion to stay is not supported by the rules governing discovery recognized in this district, *absent* a showing of prejudice or undue burden, for a false claims action, or *any* claim for that matter.   Thus, this court should not hesitate to deny Defendants' motion to stay.

**B.     Defendants' Fail To Meet Their Heavy Burden Of Showing Specific Prejudice Or Undue Burden Because They Fail To Articulate Any Showing Of Prejudice Or Undue Burden In Responding To Bernier's Discovery Requests.**

Defendants fail to meet their heavy burden of establishing the requisite grounds for a discovery stay because they have not pointed out a specific reason why the production of documents to Relator's requests are unfairly prejudicial or unduly burdenson.  *See Feldman v. Flood,* 176 F.R.D. 651, 652 (M.D. Fla. 1997) ("Such motions are generally not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems.").  To be sure, Defendants simply point to the *anticipated*

MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION TO STAY - 6
Case No.:  6:16-cv-00970-RBD-TBS

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

1

2  *burden* "to search for, collect, store, process, and review years of data on dozens of topics

3  from a large number of custodians, and <u>perhaps</u> tens or hundreds of thousands of

4  documents." *See* Doc. 60 at 11. (emphasis added).  Therefore, Defendants' actions can

5  only be interpreted as a dilatory tactic meant to prevent Relator from proceeding forward

6  with the instant lawsuit.

7      The other sister district courts have made clear that speculation regarding the

8  potential burdensome of future discovery requests is legally insufficient.  *See Gannon v.*

9  *Flood*, No. 08-60059-CIV, 2008 WL 793682, at *1 (S.D. Fla. Mar. 24, 2008) (holding that

10  no broad rule exists that discovery should be deferred whenever there is a pending motion

11  to dismiss); *Bocciolone v. Solowsky,* No. 08-20200-CIV, 2008 WL 2906719, at *2 (S.D.

12  Fla. July 24, 2008) (denying a motion to stay pending resolution of motion to dismiss and

13  requiring a "specific showing of prejudice or burdensomeness").

14

15      Additionally, Defendants may already have some of the documents responsive to a

16  majority of Relator's discovery requests because a group of former CSOL law students

17  have filed a class action suit raising similar allegations against the Defendants that is

18  currently pending before the North Carolina Western District.  *See Spencer Krebs, et. al.*

19  *v. Charlotte School of Law, LLC,* Case No. 3:17-cv-00190-GCM, Doc. 120, (N.C. filed

20  December 18, 2017). This court has scheduled the parties' discovery cutoff deadline for

21  August 31, 2018, and, thus, there is a great likelihood that Defendants *already* have some

22  of the documents responsive to Relator's discovery requests in their possession, custody,

23  or control.  Thereby, eliminating any undue burden in connection with obtaining the

24

25

MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION TO STAY - 7
Case No.:  6:16-cv-00970-RBD-TBS

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

documents responsive to Bernier's discovery requests. For these reasons alone, Defendants' motion to stay should be denied.

### C. Defendants' Pending Motion To Dismiss Relator's Amended Complaint Does Not Warrant A Stay Because A Preliminary Peek At The Merits Of The Defendants' Motion To Dismiss Will Reveal That A Stay is Improper.

A "preliminary peek at the merits of [defendants'] dispositive motion" will make it clear that the motion to stay should be denied. *CheckFree Corp. v. Metavante Corp., No. 3:12-CV-15-J-34JBT*, 2012 WL 12904296, at *2 (M.D. Fla. June 22, 2012) ("even assuming that the Dispositive Motion is "clearly meritorious," which the Court cannot conclude at this time, it is admittedly not truly case dispositive because it would not dispose of all of the counterclaims."). Here, Bernier's opposition to Defendant's motion to dismiss more than adequately addresses the arguments any pleading deficiencies in the amended complaint. *See generally* Doc. 56. And, Bernier's amended Complaint provides ample evidence of the process, means, and underworking of Defendants' fraudulent scheme, as well as her knowledge thereof, to survive Defendants' Rule 9(b) challenge. *See generally* Doc. 48. For example, Bernier's amended complaint details how Defendants made false certifications and annual re-certifications to the Government that they complied with Title IV and its implementing regulations as condition for payment for federal funding which necessarily included, *inter alia,* implied compliance with ABA standards and avoidance of incentive compensation ban. *E.g.* Doc. 48 at 35.

Relator's amended complaint indicates how these submissions to the Government represented that CSOL had complied with all federal requirements for Title IV funding, CSOL violated Title IV by providing faculty members with incentive-based compensation

MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION TO STAY - 8
Case No.:  6:16-cv-00970-RBD-TBS

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

for enrollment activities, Doc. 48 at 72, 118; admitted academically underqualified students at the law school, *id.* at 58, 118, altered the CSOL student handbook with respect to minimum GPA requirements and then certified to the Government that those students were making satisfactory academic progress and had a reasonable expectation of graduating, *id.* at 83, 118; and manipulated Bar exam and employment statistics, which was materially misleading in light of students and potential students' ability to evaluate the truthfulness of CSOL's advertisements concerning same, *id.* at 28.

The amended complaint is not due for dismissal, and Defendants' motion to stay should be denied. *See Schreiber v. Kite King's Lake, LLC,* No. 2:10-CV-391, 2010 WL 3909717, at *2 (M.D. Fla. Oct. 1, 2010) ("After a quick peek at the Motion to Dismiss, the Court believes that the case will most likely survive the Motion to Dismiss, because the Complaint sufficiently alleges that the Plaintiff will return to the premises in the near future. As such, the Court does not find good cause to stay the discovery at this time."); *see also* In re Winn Dixie Stores, Inc. Erisa Litig., No. 304-CV-194J-33MCR, 2007 WL 1877887, at *1 (M.D. Fla. June 28, 2007) (recognizing the "narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount.")

To make matters worse, Defendants mistakenly rely on cases that do not remotely come close to the factual scenario in this action. For example, Defendants cite to *Chudasama v. Mazda Motor Corp.,* 123 F.3d. 1353, 1366-67 (11th Cir. 1997) for the proposition that facial challenges to the legal sufficiency of a claim or defense, such a

MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION TO STAY - 9
Case No.:  6:16-cv-00970-RBD-TBS

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

1

2   motion to dismiss based on a failure to state a claim for relief.  *See* 123 F.3d. at 1366-67

3   (declining to stay discovery pending resolution of a motion to dismiss where the claims

4   sought to be dismissed were not "sufficiently dubious").  In *Chudasama,* the district court

5   had unduly delayed deciding a motion to dismiss, which was fully briefed, for over a year

6   and a half, that led to the Eleventh Circuit's conclusion that a stay was appropriate while

7   the dispositive motion was pending.  123 F.3d. at 1368.  As this court is aware, the Eleventh

8   Circuit's "primary concern in *Chudasama* was with the district court's delay and

9   prolonging of the parties' discovery and costs unnecessarily."  *See Gannon v. Flood,* No.

10  08-60059-CIV, 2008 WL 793682, at *1 (S.D. Fla. Mar. 24, 2008) (denying the defendant's

11  motion to stay and recognizing discovery need not be deferred whenever there is a pending

12  motion to dismiss.)

13

14         Clearly, the *Chudasama* case is factually distinguishable from the case at bar

15  because Defendant's Motion to Dismiss and Memorandum of Law did not become ripe

16  until January 9, 2018.  *See* Doc. 59.  This Court has *not* delayed in adjudicating the Motion

17  to Dismiss and, thus, has not unnecessarily prolonged discovery.  Discovery has only just

18  begun, with the instant action having been filed on June 6, 2016.  Discovery cutoff is March

19  22, 2019.  *See* Doc. 43 at 3.  Therefore, the instant action is comparable to the findings in

20  *Chudasama* and a stay is not warranted.  *Chudasama,* 123 F.3d. at 1368.  And, the

21  Defendants have failed to demonstrate that discovery should be stayed pending the

22  resolution of the Motion to Dismiss.

23         The other cases cited by Defendants are likewise dissimilar and do not support a

24  stay of this matter.  Defendants mistakenly rely on cases that support the proposition that

25

MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION TO STAY - 10
Case No.:  6:16-cv-00970-RBD-TBS

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

district courts in this Circuit routinely stay discovery in FCA actions until the pleadings are resolved. *See U.S. ex. rel. Mastej v. Health Mgmt. Assoc.*, Inc., 869 F. Supp. 2d. 1336, 1350 (M.D. Fla. 2012) ; *U.S. ex. Rel. Fla. Soc. of Anesthesiologist v. Choudry*, 2016 WL 7205970, at *3 (M.D. Fla. Oct. 11, 2016) (recognizing that relator's second amended complaint was *devoid* of any factual allegations of connecting two scheme of frauds to the Defendants, and against certain Defendants' actions in violation of the false claims act and, thus, granting Defendants' motion to stay discovery); *U.S. ex. rel. Johnson v. E-Med Source of Fla., Inc*., 2016 WL 7205970, at *3 (M.D. Fla. Oct. 11, 2016) (granting an *unopposed* motion to stay discovery until after the defendant files an answer); *U.S. ex. rel. Bumbury v. Med-Care Diabetic & Med. Supplies, Inc*., 2014 WL 12284078, at *1 (S.D. Fla. June 17, 2014) (granting a motion to stay discovery pending resolution of employer's motion to dismiss relator's complaint to determine whether relator had knowledge of Defendants' acts during her *three months* of employment). Unlike the authorities cited by Defendants, Relator alleged *nearly* fourteen pages of facts to support her FCA action, she had first-hand knowledge of Defendants' fraudulent scheme, and was exposed to Defendants' misconduct because she was employed by CSOL for several years. *See generally* Doc. 48.  Thus, the factual allegations asserted therein are inapplicable to the facts circumstance involved in this instant FCA action.

Defendants further allege that even if Bernier's claims were to survive dismissal, there is still good cause for a stay until the Court determines which claims, if any, might survive. Doc. 60 at 10.  In support of this argument, Defendants point to *United States v. Capital Grp. Health Servs. Of Fla*., No. 4:02-cv-389-RH/WCS, 2005 WL 1364619 (N.D.

MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION TO STAY - 11
Case No.:  6:16-cv-00970-RBD-TBS

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

Fla. June 7, 2005) for the proposition that the court limited discovery even after concluding that some claims survived dismissal.  *Id.*  In *Capital Group*, the plaintiff alleged that a doctor and HMO had an illegal kickback arrangement, wherein the HMO would refer patients to the doctor, and in return, the doctor did not hospitalize all of the patients that required hospitalization in an effort to reduce hospitalization costs for the HMO.  *Id.*  The court rejected the plaintiff's argument that the alleged failure to hospitalize patients could constitute remuneration under the AKS.  *Id.*

This district, however, disagreed, and is not bound by the reasons in support of dismissal in the *Capital Group* case.  *Id; See also U.S. ex rel. Freedman v. Suarez-Hoyos,* 781 F. Supp. 2d 1270, 1281 (M.D. Fla. 2011) (denying Defendant's motion to dismiss on the basis that relator's claims sufficiently alleged renumeration in violation of the AKS). Therefore, this Court does not need to look any further at the *Capital Group* case at to the issues of dismissal for false claims acts, nor its conclusions for limiting discovery.  *Id.*

## V.      CONCLUSION.

Defendant's Motion to Stay discovery is unwarranted and should be denied accordingly.  First, the Federal Rules of Civil Procedure and the Middle District of Florida's Discovery Handbook do not support a stay of discovery pending the resolution of a motion to dismiss.  Second, the Defendants have not, and cannot meet, the heavy burden of showing of prejudice to show that a stay of discovery is warranted.  Third, a preliminary peek at Defendants' motion to dismiss will indicate that a stay is improper because Relator has met the pleading standards for a FCA action under the Federal Rules of Civil Procedure.   Thus, Defendants' motion to stay should be denied.

MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION TO STAY - 12
Case No.:  6:16-cv-00970-RBD-TBS

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

**WHEREFORE,** Relator, BARBARA BERNIER, respectfully requests that this Court enter an order denying Defendants', INFILAW CORPORATION and CHARLOTTE SCHOOL OF LAW, LLC, Motion to Stay, and for such other further relief deemed appropriate.

**DATED** on February 2, 2018

Respectfully submitted,

/s/ Leia V. Leitner

**Coleman W. Watson, Esq.**
Florida Bar. No. 0087288
California Bar No. 266015
Georgia Bar No. 317133
New York Bar No. 4850004
Email: coleman@watsonllp.com
         docketing@watsonllp.com

**Leia V. Leitner, Esq.**
Florida Bar. No. 0105621
Email: leia@watsonllp.com

**WATSON LLP**
189 S. Orange Avenue
Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

*Attorneys for Relator,*
BARBARA BERNIER

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 2, 2018, pursuant to Fed. R. Civ. P. 5, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send an electronic notice to the following lead counsel of record in this proceeding:

**LAW OFFICES OF MARK L. HORWITZ, P.A.**
**Vincent A. Citro, Esq.**

MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION TO STAY - 13
Case No.:  6:16-cv-00970-RBD-TBS

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

17 East Pine Street
Orlando, FL 32801
Email: vince@mlhorwitzlaw.com

**COOLEY, LLP**
**David Mills, Esq.**
1299 Pennsylvania Avenue
Washington, D.C. 20004
Email: dmills@cooley.com
*Admitted Pro Hac Vice*

**COOLEY, LLP**
**Mazda K. Anita, Esq.**
4401 Eastgate Mall
San Diego, CA 92121
Email: mantia@cooley.com
*Admitted Pro Hac Vice*

*/s/ Leia V. Leitner*
Leia V. Leitner, Esq.

MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION TO STAY - 14
Case No.:  6:16-cv-00970-RBD-TBS

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688