UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA and
BARBARA BERNIER,

    Plaintiffs,

v.                                               Case No: 6:16-cv-970-Orl-37TBS

INFILAW CORPORATION and
CHARLOTTE SCHOOL OF LAW, LLC,

    Defendants.

## ORDER

This case comes before the Court without a hearing[1] on Defendants Infilaw Corporation and Charlotte School of Law, LLC's Motion to Stay Discovery (Doc. 60). Plaintiff Barbara Bernier opposes the motion (Doc. 61).

Plaintiff's amended complaint alleges that Defendant Charlotte School of Law ("CSL") is controlled by Defendant Infilaw Corporation ("Infilaw"), and that the Defendants entered into the legal education business to make a profit (Doc. 48, ¶¶ 24-25, 35, 38). Once CSL was fully accredited by the American Bar Association ("ABA"), it was eligible to participate in the United States Department of Education's ("DOE") student loan programs under Title IV of the Higher Education Act, 20 U.S.C. § 1070 *et seq*. (Id., ¶ 16). CSL entered into a program participation agreement ("PPA") with the DOE in exchange for federal financial aid under Title IV (Id.). Plaintiff, a former professor at CSL, alleges that after entering into the PPA, CSL intentionally and recklessly admitted academically underqualified students, and retained students who should have been dismissed for lack

---

[1] Defendants' Request for Oral Argument (Doc. 60 at 15), is **DENIED**.

of satisfactory progress (Id., ¶¶ 2, 17). She asserts that CSL failed to maintain accreditation standards set by the ABA; engaged in practices that violated Title IV's ban on incentive compensation; awarded gift aid to students; and deliberately failed to deduct the amount of the gift aid from the financial aid CSL received from the DOE (Id., ¶¶ 5, 19, 20, 23, 35-38). Plaintiff alleges that the Dean of CSL manipulated its grading structure so that students appeared to be making satisfactory academic progress and could submit financial aid claims to the government for payment; and that CSL deleted students' grades so that they could "start over" and borrow more federal student aid money from the government (Id., ¶¶ 23, 25). Plaintiff also contends that CSL manipulated its students' bar exam passage rates and employment statistics (Id., ¶ 28). She claims that when CSL received student aid from the DOE, Infilaw used the money for its own purposes, and then returned it just-in-time for mandatory distributions to students (Id., ¶ 14). Based on these allegations, Plaintiff sues Defendants for violations of the False Claims Act ("FCA"), 31 U.S.C. § 3279, *et seq.* (Id.).[2]

The FCA authorizes private persons to file civil actions against, and recover damages on behalf of the United States, from any person who knowingly presents, or causes to be presented to the government, a false or fraudulent claim for payment or approval; or knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the government. 31 U.S.C. § 3729(a)(1), (2). "To establish a cause of action under the False Claims Act, a relator must prove three elements: (1) a false or fraudulent claim; (2) which was presented, or caused to be presented, by the defendant to the United States for payment

---

[2] The government advises that while its investigation continues, it is not intervening at this time (Doc. 14 at 1).

- 2 -

or approval; (3) with the knowledge that the claim was false." United States v. R & F Properties of Lake Cty., Inc., 433 F.3d 1349, 1355 (11th Cir. 2005), *cert. denied*, 549 U.S. 1027 (2006).

Because the FCA is a fraud statute, claims must be plead with the particularity required by FED. R. CIV. P. 9(b). U.S. ex rel. Clausen v. Lab. Corp. of Am., Inc., 290 F.3d 1301, 1308-09 (11th Cir. 2002). "Rule 9 is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." Id., at 1310 (quoting Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001) (quotations and citations omitted).

Defendants have moved to dismiss Plaintiff's amended complaint on the grounds that Plaintiff lacks any personal knowledge of Defendants' alleged fraudulent conduct; her claims were previously disclosed so that she is not an original source; and she has failed to plead scienter, falsity, presentment, or proper parties to a conspiracy (Doc. 53). While the parties await a ruling on the motion to dismiss, Plaintiff propounded 68 requests for production to Defendants and served notice of her intent to subpoena a total of 168 categories of documents and things from the ABA, BARBRI, Inc., Dennis W. Archer, Esq., and Sterling Partners, (Doc. 60-2; Doc. 60-3; Doc. 60-4; Doc. 60-5; Doc.60-6). Defendants now ask the Court to stay all discovery until it finds that Plaintiff has stated a cause of action against them (Doc. 60).

District courts have inherent power to control their dockets and manage their

cases, including by staying discovery. Perez v. Miami-Dade Cty., 297 F.3d 1255, 1263 (11th Cir. 2002); The Andersons, Inc. v. Enviro Granulation, LLC, Case No. 8:13-cv-3004-T-33MAP, 2014 WL 4059886 at *2 (M.D. Fla. Aug. 14, 2014). The Eleventh Circuit has "emphasized the responsibility of trial courts to manage pretrial discovery properly in order to avoid a massive waste of judicial and private resources and a loss of society's confidence in the courts' ability to administer justice." Perez, 297 F.3d at 1263 (internal quotation marks omitted). "Granting a discovery stay until an impending motion to dismiss is resolved is a proper exercise of that responsibility." Rivas v. The Bank of New York Melon, 676 F. App'x 926, 932 (11th Cir. 2017). The party seeking the stay has the burden of showing good cause and reasonableness. Holsapple v. Strong Indus., Case No. 2:12-cv-355-UA-SPC, 2012 U.S. Dist. LEXIS 128009, at *2 (M.D. Fla. Sept. 10, 2012); S.D. v. St. Johns Cnty. Sch. Dist., Case No. 3:09-cv-250-J-20TEM, 2009 U.S. Dist. LEXIS 97835, at * 4-5 (M.D. Fla. Oct. 1, 2009) (citing to Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997)); McCabe v. Foley, 233 F.R.D. 683, 687 (M.D. Fla. 2006).

In deciding whether to grant a stay the district court,

> [M]ust balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery. It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

Simpson v. Specialty Retail Concepts, Inc., 121 F.R.D. 261, 263 (M.D.N.C. Aug. 15, 1988); see also Koock v. Sugar & Felsenthal, LLP, No. 8:09-cv-609-T-17EAJ, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009) ("In deciding whether to stay discovery pending resolution of a motion to dismiss ... the court must take a 'preliminary peek' at the merits

of the dispositive motion to see if it 'appears to be clearly meritorious and truly case dispositive.'") (citing McCabe, 233 F.R.D. at 685).

Parties seeking stays of discovery pending a ruling on a motion to dismiss invariably cite Chudasama v. Mazda Corp., 123 F.3d 1353 (11th Cir. 1997), where the court said:

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion.

Id., at 1367 (internal footnote and citation omitted).

Chudasama stands for the "proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount." Koock, LLP, 2009 WL 2579307, at *2 (citing In re Winn Dixie Stores, Inc., No. 3:04-cv-194-J-33MCR, 2007 WL 1877887, *1 (M.D. Fla. June 28, 2007)). "Since the Eleventh Circuit handed down Chudasama, it has been analyzed on numerous occasions, and courts have consistently rejected any *per se* requirement to stay discovery pending resolution of a dispositive motion." Bocciolone v. Solowsky, No. 08-20200-CIV, 2008 WL 2906719, at *1 (S.D. Fla. July 24, 2008); Reilly v. Amy's Kitchen, Inc., No. 13-21525-CIV, 2013 WL 3929709, at *1 (S.D. Fla. July 31, 2013) ([T]there is no general rule that discovery be stayed while a pending motion to dismiss is resolved."); Simpson v. Specialty Retail Concepts, Inc., 121 F.R.D. 261, 263 (M.D.N.C. 1988) (Motions to stay discovery are disfavored because they tend to delay resolution of cases.). The judges of this federal court have advised litigants that "the pendency of a motion to dismiss or a motion for

summary judgment will not justify a unilateral motion to stay discovery pending resolution of the dispositive motion." Middle District Discovery (2015) at 5.[3] "Such motions for stay are rarely granted." Id.

But, Defendants argue, a stay of discovery is particularly warranted here because Plaintiff is suing under the FCA and,

> [I]f Plaintiff gets a ticket to the discovery process without identifying a single claim ... the next stage of the litigation is clear. The Plaintiff will request production of every ... claim submitted by the Defendant during the time period corresponding to Plaintiff's claims. At that point, the Defendant may decide to settle the case to avoid the enormous cost of such discovery and the possible disruption of its ongoing business. On the other hand, the Defendant may choose to resist the discovery. In that case, the Court will be presented with the dilemma of allowing an unlimited fishing expedition or no discovery at all because of the difficulty in fashioning logical and principled limits on what has to be produced. The particularity requirement of Rule 9(b), if enforced, will not only protect defendants against strike suits, but will result in claims with discernable boundaries and manageable discovery limits.

U.S. ex rel. Atkins v. McInteer, 470 F.3d 1350, 1359-60 (11th Cir. 2006) (quoting U.S. ex rel. Clausen v. Lab. Corp. of Am., Inc., 198 F.R.D. 560, 564 (N.D. Ga. 2000), aff'd 290 F.3d 1301 (11th Cir. 2002)); U.S. ex rel. Mastej v. Health Mgmt. Assocs., Inc., 869 F. Supp. 2d 1336, 1350 (M.D. Fla. 2012) ("Rule 9(b)'s very purpose is to protect from discovery defendants facing inadequately pled fraud claims"); U.S. ex rel. Bumbury v. Med-Care Diabetic & Med. Supplies, Inc., Case No. 10-81634-CIV-RYSKAMP/HOPKINS, 2014 WL 12284078, at *1 (S.D. Fla. June 17, 2014) ("An FCA defendant faces exceptional harm where a relator is permitted to litigate without adequately establishing in the pleadings that the relator has personal knowledge of

---

[3] The Court has adopted certain rules, practices, and procedures that are embodied in the Local Rules and the district's discovery handbook.

- 6 -

specific, non-publicly disclosed false claims that are alleged to have defrauded the Government"). "Requiring relators to plead FCA claims with particularity is especially important in light of the quasi-criminal nature of FCA violations (i.e., a violator is liable for treble damages) Rule 9(b) ensures that the relator's strong financial incentive to bring an FCA claim–the possibility of recovering between fifteen and thirty percent of a treble damages award–does not precipitate the filing of frivolous suits." U.S. ex rel. Atkins, 470 F.3d at 1360.

The Court agrees that the fact that this is an FCA case is a factor that weighs in favor of the granting of a stay of discovery. It also recognizes a natural hesitancy on the part of district courts to completely dispose of cases on motions to dismiss where there is a reasonable possibility of the existence of a viable claim.

The Court has reviewed Plaintiff's amended complaint, the motion to dismiss, the response to the motion, and Defendants' reply. It finds that Plaintiff has already identified, without the benefit of discovery, specific claims against Defendants (Docs. 48, 53, 56, 59). Whether Plaintiff has personal knowledge of her claims; whether those claims have been publicly disclosed in the news media; and whether the amended complaint is based upon publicly disclosed claims, are issues on which the parties disagree. After considering the parties' arguments, the Court is not persuaded that at this early stage in the litigation there is an "immediate and clear possibility that" the motion to dismiss will be granted, or that if it is granted, that Plaintiff will not be given leave to further amend her pleading. Simpson, 121 F.R.D. at 263. These factors weigh against the entry of a stay.

A stay of discovery can be problematic because it may needlessly lengthen the litigation. It may also create case management problems if the Court is unwilling to grant an enlargement of time. These factors weigh against the entry of a stay.

Defendants argue that the magnitude of Plaintiff's discovery suggests she is on a fishing expedition to discover information to fill the "gaps" in her amended complaint (Doc. 60 at 8-9). The Court agrees that Plaintiff's discovery is far reaching. Still, Plaintiff has provided details which the Court believes are sufficient to enable it to decide the issues of relevancy and proportionality should discovery motions be filed.

Costs are inherent in discovery. It is a process whereby the lawyer for one party gives a work assignment to his opponent, and the opponent's client has to pay to have the work done. Such a system invites abuse. But, there are rules to constrain the parties, and the Court has already found that Plaintiff has pled enough facts to permit effective discovery motion practice.

After considering these factors, the Court finds that Defendants have not met their burden to show that a stay is warranted and therefore, their motion is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on February 14, 2018.

*[Signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record