**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* BARBARA BERNIER, | ) ) ) ) |
| Plaintiff, | ) Case No. 6:16-cv-00970-RBD-TBS ) |
| v. | ) **OBJECTIONS TO ORDER** ) **DENYING DISCOVERY STAY** ) **& MEMORANDUM OF LAW** |
| INFILAW CORPORATION, a Florida Corporation, and CHARLOTTE SCHOOL OF LAW, LLC, a foreign limited liability company, | ) ) **ORAL ARGUMENT REQUESTED** ) ) ) |
| Defendants. | ) ) |

**OBJECTIONS OF DEFENDANTS INFILAW CORPORATION AND
CHARLOTTE SCHOOL OF LAW, LLC TO MAGISTRATE JUDGE'S ORDER
DENYING MOTION TO STAY DISCOVERY**

Defendants InfiLaw Corporation ("InfiLaw") and Charlotte School of Law, LLC ("CSL") respectfully object to the February 14, 2018 order ("Order," Dkt. No. 62) denying Defendants' Motion to Stay Discovery (Dkt. No. 60).

Contrary to Eleventh Circuit law, the Order allows discovery before Plaintiff Bernier has stated a viable False Claims Act ("FCA") claim based on personal knowledge with the particularity required by Federal Rule of Civil Procedure 9(b). Contrary to the facts and the law, the Order relies on "findings" that do not and cannot outweigh the requirement that courts must strictly enforce Rule 9(b) in FCA actions before discovery proceeds. Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, this Court should sustain Defendants' objections, overrule the Order, and stay discovery until this Court determines that Bernier has properly alleged a viable claim.

## BACKGROUND

This is an action under the False Claims Act, 31 U.S.C. § 3729, *et seq*. Bernier alleges, in sum, that Defendants entered a Program Participation Agreement ("PPA") to accept federal financial student aid funds with intent to "defraud the government," and did so by, among other things, admitting academically unqualified students. Dkt. No. 48. The government declined to intervene. Dkt. No. 14.

Defendants have twice moved to dismiss these allegations. Dkt. Nos. 45, 53. Both motions identified the same fatal defects: Bernier lacks and failed to plead personal knowledge, her claims were previously publicly disclosed, and she has failed to meet the

well-established threshold pleading requirements for an FCA claim. *See* Dkt. Nos. 45, 53.[1] Bernier amended her pleadings, but the Amended Complaint ("AC," Dkt. No. 48) suffers from the same defects as the original. *See* Dkt. No. 53.

Notwithstanding her legally deficient pleadings, Bernier has already issued 236 document requests to six individuals and entities. *See* Exhibits 1–5.[2] She issued 168 requests to four non-parties in October 2017, soon after the government declined to intervene, but before Defendants had responded to the Complaint, before the parties exchanged initial disclosures, and before seeking any discovery from Defendants. *See* Exhibits 1–4. She issued another 68 requests to Defendants in November 2017, before Defendants had responded the AC, and still before the parties had exchanged initial disclosures. *See* Exhibit 5.

Bernier's discovery requests are akin to deep-sea fishing. She seeks documents spanning more than 10 years, well outside the time she was employed by Defendants (and well beyond the scope of her personal knowledge), and information on a number of topics not even mentioned in the AC. *See* Dkt. No. 60 at 13–14. For example, Bernier requests documents related to contracts between Defendants and Leeds, Barbri, and Kaplan, communications between Defendants and Barbri "concerning any bar preparation course at CSOL" (Exhibit 2, Request Nos. 1–7; Exhibit 5, Request Nos. 56–63), and information from one of InfiLaw's private investors (Sterling Partners) about its involvement in actions

---

[1]   Several new authorities issued after briefing was complete, submitted in Defendants' Notice of Supplemental Authority (Dkt. No. 63), confirm that Bernier's allegations are legally insufficient and should be dismissed.

[2]   Citations to "Exhibit __" refer to the Exhibits to the Declaration of David E Mills in Support of Defendants' Motion to Stay Discovery, Dkt. Nos. 60-1 through 60-6.

by the ABA or United States (Exhibit 4, Request Nos. 13–24), none of which are related to allegations in her pleadings. Defendants have duly objected to Bernier's requests and have not yet produced documents.[3] The non-parties also have objected and, to Defendants' knowledge, have not produced documents.

On January 19, 2018, Defendants moved to stay discovery until the Court determines that Bernier has stated an FCA claim based on personal knowledge and with the particularity required by Rule 9(b). Dkt. No. 60 at 6. The motion detailed that Bernier's sweeping discovery requests are a fishing expedition designed to overcome pleading defects and to attempt to discover new claims; it also noted that the Eleventh Circuit has repeatedly warned there should be no such discovery in FCA actions before the pleadings are resolved, and that district courts have strictly enforced Rule 9(b) for precisely that reason. *Id.* at 10–14.

On February 2, 2018, Bernier opposed the motion. Dkt. No. 61. Bernier does not dispute that her discovery requests are a fishing expedition. She also does not address or mention the Eleventh Circuit authority central to Defendants' motion—*U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350 (11th Cir. 2006), and *U.S. ex rel. Clausen v. Laboratory Corp. of America, Inc.*, 290 F.3d 1301 (11th Cir. 2002).[4] Instead, she relies on this district's Discovery Handbook,[5] various non-FCA cases, and a single unreported FCA case that did

---

[3] Out of an abundance of caution, Defendants intend to issue their first set of requests for production to Bernier during the pendency of these Objections. The stay should apply to Defendants' requests as well.

[4] Bernier's failure to address these points before the magistrate waives any opposition to them. She should not have a second bite at the apple now. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (affirming district court refusal to entertain argument "not first presented to the magistrate judge").

[5] The Discovery Handbook is "neither substantive law nor inflexible rule." Middle District Discovery (2015) at 1.

3

not address *Atkins*, *Clausen*, or the concerns unique to FCA cases. *See* Dkt. No. 61 at 5–6.[6] Incredibly, she claims that Defendants have "thwarted" her ability to gather information for expert witness disclosures and reports "before the deadline of October 8, 2018," almost eight months from now. Dkt. No. 61 at 2.

On February 14, 2018, Magistrate Judge Smith denied Defendants' Motion to Stay Discovery. Dkt. No. 62. The Order correctly found that "the fact that this is an FCA case is a factor that weighs in favor of the granting of a stay of discovery," and that "Plaintiff's discovery is far reaching." *Id.* at 7–8. However, the Order incorrectly concluded that Defendants had not met their burden to show a stay is warranted because other factors "weigh against the entry of a stay." *Id.* Specifically, the Order erred by relying on findings that Plaintiff had "identified" claims, that Plaintiff might be given leave to amend, that case management issues might develop, and that the allegations contain "enough facts to permit effective discovery motion practice." *Id.* Respectfully, the Order should be overturned because a stay is indeed warranted in this case.

## STANDARDS OF REVIEW

When a party objects to a magistrate judge's non-dispositive order, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). A finding is clearly erroneous "when, although there is evidence to support [it], the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been

---

[6]  *See U.S. ex rel. Parker v. Space Coast Med. Assocs., L.L.P.*, 2014 WL 12616951 (M.D. Fla. Dec. 3, 2014) (Smith, M.J.). The order did not address *Atkins* or *Clausen* because the parties did not cite or discuss them. *See* M.D. Fla. Case No. 13-cv-1068, Dkt. No. 64.

4

committed." *Kearney Partners Fund, LLC v. United States*, 2013 WL 1966967, at *1 (M.D. Fla. May 13, 2013) (Dalton, J.) (quoting *Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1246 (11th Cir. 2002)). "In contrast, a review of the Magistrate Judge's application of the law is de novo, as the 'application of an improper legal standard . . . is never within a court's discretion.'" *Id.* (quoting *Johnson & Johnson*, 299 F.3d at 1246). A ruling is "considered contrary to law if it misapplies the relevant statutes, case law, or rules of procedure." *Id.*; *see, e.g.*, *Batchelor v. Geico Cas. Co.*, 2014 WL 3906312, at *4 (M.D. Fla. June 9, 2014) (Dalton, J.) (holding that an order "premised on . . . faulty logic" was contrary to law).

## ARGUMENT

Contrary to established Eleventh Circuit law, the Order allows Bernier to proceed with "far reaching" discovery (Dkt. No. 62 at 8), heavily burdening parties and non-parties, before this Court has determined whether Bernier has asserted a viable FCA claim based on personal knowledge with the particularity required by Rule 9(b). To permit discovery notwithstanding Eleventh Circuit law, the Order makes various "findings." Those findings are unsupported by the record, however, and they cannot outweigh the requirement that Rule 9(b) must be strictly enforced in FCA actions before discovery proceeds. Because the Order misapplies the requirements of Rule 9(b) in FCA cases, it is contrary to law and clearly erroneous and should be reversed. *See* Fed. R. Civ. P. 72(a); *Batchelor*, 2014 WL 3906312, at *4; *Kearney Partners Fund*, 2013 WL 1966967, at *1.

The Eleventh Circuit has repeatedly warned that "[t]he particularity requirement of Rule 9 is a nullity if Plaintiff gets a ticket to the discovery process without identifying a

5

single claim." *U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1359 (11th Cir. 2006); *U.S. ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1307, 1314 & n.24 (11th Cir. 2002). "Requiring relators to plead FCA claims with particularity is especially important in light of the quasi-criminal nature of FCA violations" and the "strong financial incentive to bring an FCA claim—the possibility of recovering between fifteen and thirty percent of a treble damages award." *Atkins*, 470 F.3d at 1360. And, because a *qui tam* relator brings the action on behalf of the government, courts "cannot furnish a *qui tam* relator with an easier burden than the government would bear if it intervened and assumed the prosecution of the case." *Id.*

Thus, district courts routinely stay discovery in FCA actions pursuant to *Atkins* and *Clausen* until the pleadings have survived dismissal, and sometimes beyond that point. *See, e.g.*, *U.S. ex rel. Mastej v. Health Mgmt. Assocs., Inc.*, 869 F. Supp. 2d 1336, 1350 (M.D. Fla. 2012) (denying even limited discovery; Rule 9(b)'s "clear intent is to eliminate fraud actions in which all the facts are learned through discovery after the complaint is filed"); *U.S. ex rel. Fla. Soc'y. of Anesthesiologists v. Choudhry*, 2016 WL 7205970, at *3 (M.D. Fla. Oct. 11, 2016) ("[A]ll discovery will be stayed until the Relator files a complaint that complies with Rule 9."); *U.S. ex rel. Johnson v. E-Med Source of Fla., Inc.*, 2015 WL 6742059, at *4 (M.D. Fla. Nov. 3, 2015) (staying discovery "until Defendants answer a complaint"); *U.S. ex rel. Bumbury v. Med-Care Diabetic & Med. Supplies, Inc.*, 2014 WL 12284078, at *1 (S.D. Fla. June 17, 2014) (staying all discovery because "[a]n FCA defendant faces exceptional harm where a relator is permitted to litigate without adequately establishing in the pleadings that the relator has personal knowledge of specific, non-

6

publicly disclosed false claims that are alleged to have defrauded the Government"); *United States v. Capital Grp. Health Servs. of Fla., Inc.*, 2005 WL 1364619, at *7 (N.D. Fla. June 7, 2005) ("[Rule 9(b)] in qui tam actions serves an important purpose: it prevents relators from filing suit based on a mere hunch and using discovery in the hope of finding support for the claim.").[7]

Indeed, even in non-FCA cases, the Eleventh Circuit routinely applies the rule that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997).[8]

To avoid the directive of *Atkins* and *Clausen*, the Order makes various "findings" and concludes that they "weigh against the entry of a stay." Dkt. No. 62 at 7. This analysis was erroneous, however, because *Atkins*, *Clausen*, and most district court orders addressing them did not attempt to balance other factors and totally stayed discovery "until the Relator files a complaint that complies with Rule 9(b)." *Choudhry*, 2016 WL 7205970, at *3; *see Mastej*, 869 F. Supp. 2d at 1348–50 ("Rule 9(b)'s very purpose is to protect from discovery defendants facing inadequately pled fraud claims."); *Johnson*, 2015 WL 6742059, at *4

---

[7]  *See also U.S. ex rel. Petrowski v. Epic Sys. Corp.*, M.D. Fla. Case No. 15-cv-1408, Dkt. No. 49 (docket order staying discovery while defendant's motion to dismiss was pending "until such time as this case is either dismissed by the Court or Epic files an Answer to Relator's complaint").

[8]  *See Roberts v. FNB S. of Alma, Ga.*, --- F. App'x ---, 2017 WL 5438871, at *2 (11th Cir. Nov. 14, 2017); *Dragash v. Fed. Nat'l Morg. Ass'n*, 700 F. App'x 939, 946-47 (11th Cir. 2017); *Rivas v. Bank of N.Y. Mellon*, 676 F. App'x 926, 932 (11th Cir. 2017); *Echeverria v. Bank of Am.*, 632 F. App'x 1006, 1008 n.3 (11th Cir. 2015); *Davidson v. Maraj*, 609 F. App'x 994, 1002 (11th Cir. 2015); *Carter v. DeKalb Cnty,*, 521 F. App'x 725, 728 (11th Cir. 2013). The Order discounted *Chudasama* as standing only for the "proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount." Dkt. No. 62 at 5. But the Eleventh Circuit's repetition of this principle suggests that discovery generally should not occur until the allegations have survived dismissal.

("Discovery is STAYED until Defendants answer a complaint."); *Capital Grp. Health Servs.*, 2005 WL 1364619, at *7 (allowing only limited discovery even after concluding that one claim survived). While the court employed a balancing test in *Bumbury*—a case from the Southern District of Florida—that court still concluded that the "exceptional harm" implicated by early discovery in FCA cases warranted a stay "pending the Court's determination that Relator has stated a claim for relief." 2014 WL 12284078, at *1–2.

Further, the factors the Order recited could not outweigh the important policy concerns and "exceptional harm" that require strict enforcement of Rule 9(b) in FCA cases before discovery proceeds. *See Atkins*, 470 F.3d at 1359–60 & n.17 (discussing the "public policy underpinnings" for strict enforcement of Rule 9(b) in FCA cases); *Bumbury*, 2014 WL 12284078, at *1 ("An FCA defendant faces exceptional harm where a relator is permitted to litigate without adequately establishing in the pleadings that the relator has personal knowledge of specific, non-publicly disclosed false claims that are alleged to have defrauded the Government.") (citing *Clausen*, 290 F.3d at 1307–14).

The "natural hesitancy" of courts "to completely dispose of cases on motions to dismiss where there is a reasonable possibility of the existence of a viable claim" (Dkt. No. 62 at 7) does not support allowing discovery here because the heightened pleading standards that govern FCA cases already take that into account and are designed for precisely that reason—to ensure that the relator, who is not the "real victim," and who stands to receive a substantial windfall, does not get into court on "mere conjecture." *Clausen*, 290 F.3d at 1313 & n.24; *see also Atkins*, 470 F.3d at 1350–60 & n.17. If Bernier obtains discovery without meeting the threshold pleading requirements for an FCA claim,

8

the Court will be "left wondering" whether she is truly a whistleblower or merely an opportunist. *Clausen*, 290 F.3d at 1313 ("[W]e cannot be left wondering . . . .").

The Order's "finding" that Bernier has "identified" unspecified "claims against Defendants" (Dkt. No. 62 at 7) cannot satisfy the requirements discussed in *Atkins* and *Clausen* because only this Court can decide whether the allegations present a viable FCA claim that satisfies Rule 9(b). *See* 28 U.S.C. § 636; Fed. R. Civ. P. 72(b) (requiring de novo review of recommendations on dispositive matters); *Williams*, 557 F.3d at 1291 (magistrate judge has no authority to make final and binding ruling on dispositive motion).

The parties' disagreement over whether "Plaintiff has personal knowledge of her claims; whether those claims have been publicly disclosed in the news media; and whether the amended complaint is based upon publicly disclosed claims" (Dkt. No. 62 at 7) does not require or justify discovery because these issues are all appropriate for resolution as a matter of law on a Rule 12(b)(6) motion, and such a motion has been fully briefed. *See* Dkt. No. 53. There is thus no need for discovery at this stage. *See Chudasama*, 123 F.3d at 1367 ("Such a dispute always presents a purely legal question . . . .").[9]

The Order's concerns that a stay "may needlessly lengthen the litigation" and "may also create case management problems" (Dkt. No. 62 at 7) are speculative and illogical here, where there is little risk of case management problems if the Court stays discovery. Discovery is open until March 22, 2019, more than a year from now, and the next case

---

[9] The possibility that Bernier may be given leave to amend (Dkt. No. 62 at 7) does not weigh against a stay here because Bernier has already amended once, and courts typically stay discovery in FCA cases until amendment is complete. *See Mastej*, 869 F. Supp. 2d at 1348–50; *Choudhry*, 2016 WL 7205970, at *3; *Johnson*, 2015 WL 6742059, at *4; *Bumbury*, 2014 WL 12284078, at *1–2.

9

management deadline is more than eight months away. Dkt. No. 43 at 3. Bernier did not show that any prejudice could result from a stay pending resolution of the motion to dismiss, nor did the Order so find.[10] Indeed, if discovery is not stayed, it will likely complicate matters further and cause additional litigation due to the need to ensure that Bernier does not later attempt to proceed on claims whose details she learned through discovery. *See, e.g.*, *U.S. ex rel. Keeler v. Eisai, Inc.*, 568 F. App'x 783, 800–05 (11th Cir. 2014) (refusing to allow a relator to use materials obtained in discovery to amend his complaint); *Capital Grp. Health Servs.*, 2005 WL 1364619, at *7 (allowing defendant to depose relator regarding personal knowledge and move for summary judgment, while continuing to stay relator's discovery).

Finally, while the Order concludes that "Plaintiff has pled enough facts to permit effective discovery motion practice" (Dkt. No. 62 at 8), that is not the proper standard to determine whether a stay is appropriate. *See McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). More importantly, the Order fails to identify what claims Bernier "identified." Dkt. No. 62 at 7. Without a decision by this Court identifying which claims (if any) Bernier is entitled to litigate, the relevance and proportionality standards of Rule 26(b)(1) will be difficult, if not impossible, to apply. *See Atkins* 470 F.3d at 1359–60 (discussing the "difficulty in fashioning logical and principled limits" that occurs when Rule 9(b) is not strictly enforced); *Chudasama*, 123 F.3d at 1368 ("[A]s long as the [dubious] claim remained in the case without a dispositive ruling from the bench, any analysis of 'the needs

---

[10] There is no merit to Bernier's unsubstantiated claim that her efforts to gather information for expert disclosures and reports before the October 8, 2018 deadline (eight months from now) have been "thwarted." Dkt. No. 61 at 2.

of the case,' as required of the court . . . and of the litigants . . . would be hindered.").

Such difficulties are certain here, given the broad scope of Bernier's allegations and discovery demands that are broader still. *See* Dkt. No. 62 at 8 ("Plaintiff's discovery is far reaching."). Indeed, many of her claims are not even colorable. *See* Dkt. No. 53, Part III.B. This Court should dismiss such claims before sending Defendants and numerous non-parties[11] into unmanageable, expensive, burdensome discovery. *Chudasama*, 122 F.3d at 1368 ("[W]hen faced with a motion to dismiss a claim for relief that significantly enlarges the scope of discovery, the district court should rule on the motion before entering discovery orders, if possible. The court's duty in this regard becomes all the more imperative when the claim is especially dubious.").

Because the Order allows discovery to proceed before the pleadings are resolved, contrary to Eleventh Circuit law on Rule 9(b) in FCA cases, and because all relevant factors support a stay, the Order was contrary to law and clearly erroneous and should be reversed. *See* Fed. R. Civ. P. 72(a).

## CONCLUSION

For the reasons set forth above, the Court should sustain Defendants' objections, overrule the Order (Dkt. No. 62), and stay discovery until the Court determines that Bernier has stated an FCA claim based on personal knowledge with the particularity required by Rule 9(b).

---

[11] The Order also failed to weigh the "likely costs and burdens" that proceeding with discovery will impose on non-parties. *McCabe*, 233 F.R.D. at 685. These burdens also support a stay. *See* Dkt. No. 60 at 13–14, 17.

11

Dated: February 28, 2018

Respectfully submitted,

*/s/ David E. Mills*

**David E. Mills, Esq.**
**COOLEY LLP**
1299 Pennsylvania Avenue
Washington, D.C. 20004
Tel: (202) 842-7800
Fax: (202) 842-7899
Email: dmills@cooley.com
*Trial Counsel*

**Mazda K. Antia, Esq.**
**COOLEY LLP**
4401 Eastgate Mall
San Diego, CA 92121
Tel: 858-550-6000
Fax: 858-550-6420
Email: mantia@cooley.com

**Vincent A. Citro, Esq.**
Florida Bar. No. 0468657
**LAW OFFICES OF MARK L. HORWITZ, P.A.**
17 East Pine Street
Orlando, FL 32801
Tel: (407) 843-7733
Fax: (407) 849-1321
Email: vince@mlhorwitzlaw.com

*Counsel for Defendants InfiLaw Corporation and Charlotte School of Law, LLC*

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 3.01(j), Defendants respectfully request oral argument on their Objections. Defendants estimate that 20 minutes will be required for such argument.

*/s/ David E. Mills*
David E. Mills, Esq.
*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 28, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record, including the following:

Coleman W. Watson, Esq.
Watson LLP
189 S. Orange Avenue, Suite 810
Wilmington, DE  19808

*Counsel for Plaintiff Barbara Bernier*

Jeremy Ronald Bloor
US Attorney's Office
Suite 3100
400 W Washington St
Orlando, FL 32801

*Counsel for United States of America*

    */s/ David E. Mills*
    David E. Mills, Esq.
    *Counsel for Defendants*