Coleman W. Watson, Esq.
coleman@watsonllp.com
Leia V. Leitner, Esq.
leia@watsonllp.com
*Attorneys for Relator, Barbara Bernier*
Watson LLP
189 S. Orange Avenue, Suite 810
Orlando, FL 32801

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF FLORIDA**

**ORLANDO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, *EX REL.*, BARBARA BERNIER,<br><br>Plaintiff,<br><br>vs.<br><br>INFILAW CORPORATION; CHARLOTTE SCHOOL OF LAW, LLC,<br><br>Defendants. | Case No.: 6:16-cv-00970-RBD-TBS<br><br>**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' OBJECTIONS TO ORDER DENYING DISCOVERY STAY** |

MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' OBJECTIONS TO ORDER
DENYING DISCOVERY STAY - 1
Case No.: 6:16-cv-00970-RBD-TBS

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

Relator, BARBARA BERNIER, pursuant to Fed. R. Civ. P. 72(b)(2), M.D. Fla. R. 3.01(b) and 6.02(a), files this memorandum of law in opposition to the objection to order denying discovery stay, Doc. 62, served by Defendants, INFILAW CORPORATION ("Infilaw") and CHARLOTTE SCHOOL OF LAW ("CSOL"), and states as follows:

## I.     INTRODUCTION

Defendants' papers read as if they only now acknowledge that Bernier brought this case under the federal False Claims Act (the "FCA"), 31 U.S.C. § 3729, *et seq.*  This was a FCA case when Bernier served Defendants with the complaint.  This was a FCA case when Defendants jointly agreed to the mutual discovery procedures set forth in the case management report.  This was a FCA case when Defendants responded to Bernier's initial document requests.  This was a FCA case when Defendants agreed to produce certain documents in response to the initial document requests.  This was a FCA case when Defendants provided their desired confidentiality agreement to protect disclosure of sensitive documents, which the undersigned executed.  And this is still a FCA case today.

There is nothing whatsoever in the magistrate court's report and recommendation that should leave the district court with the definite and firm conviction that the court made a mistake in denying the discovery stay.  Simply put, Defendants are unhappy with the magistrate court's ruling and are effectively using the objection as a supplemental brief to their pending 45-page motion to dismiss, despite already receiving the benefit of leave to file a 5-page, heavily footnoted, reply memorandum which, frankly, exceeded the boundaries set by the court.  *See* Docs. 57–59.

MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' OBJECTIONS TO ORDER
DENYING DISCOVERY STAY - 2
Case No.:  6:16-cv-00970-RBD-TBS

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

Now, through *pages and pages* of unpersuasive argument, Defendants invite this court to sustain their objection and enter a discovery stay until resolution of the pending motion to dismiss. Not only does Defendants' objection do nothing more than recast the same arguments found in their initial briefing on the motion to dismiss (*i.e.*, that Bernier allegedly lacks "direct personal knowledge"),[1] the objection also relies heavily on two cases *Atkins* and *Clausen* that are by no means analogous with this litigation.

Compounding matters further, this court's order denying the discovery stay conducted the exact analysis that Defendants now complain is absent from the order. Indeed, the magistrate court did take a preliminary peek at the merits of the motion to dismiss to see if it appeared to be clearly meritorious and dispositive. *See* Doc. 62 at 7. In fact, Magistrate Judge Smith conducted this analysis and rejected Defendants' position, stating that the court has ". . . reviewed Plaintiff's amended complaint, the motion to dismiss, the response to the motion, and Defendants' reply" before making the determination that a discovery stay is not warranted. *Id.* In short, Defendants have failed to demonstrate a clear error, much less any error, to warrant the district court sustaining the instant objection. The objection, then, is due to be overruled and the district court should adopt the report and recommendation in its entirety.

---

[1] Without rehashing the arguments contained in the memorandum of law in opposition to the pending motion to dismiss, it should be noted that the test for knowledge under the FCA is not nearly as limited as Defendants' suggest. *See* Doc. 56 at 11–17 (discussing the test for "knowledge" under the FCA).

MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' OBJECTIONS TO ORDER
DENYING DISCOVERY STAY - 3
Case No.:  6:16-cv-00970-RBD-TBS

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

## II. BACKGROUND

### A. Procedural Posture.

On June 6, 2016, Bernier filed the instant *qui tam* action which alleges that Defendants were collectively involved in a scheme to defraud the federal government out of hundreds of millions of dollars through substantial misrepresentations made in connection with the nature of their academic programs in order to obtain Title IV federal student financial aid funding. *See generally* Doc. 1. On November 10, 2017, Bernier filed an amended complaint, which is the operative complaint before this court. Doc. 48. As detailed in the amended complaint, Defendants' scheme was predicated on the submission of false claims to the Department of Education ("DOE"), which they achieved by falsely, and impliedly, representing that they were in compliance with Title IV and its implementing regulations, as well as a Program Participation Agreement ("PPA") between the DOE and CSOL, and re-certifications of same. *Id.*

Defendants moved to dismiss on December 4, 2017. Doc. 53. On December 22, 2017, Bernier responded in opposition. Doc. 56. On January 9, 2018, Defendants filed a reply, with leave of court, in support of their motion to dismiss. Doc. 59. On January 19, 2018, Defendants filed a motion to stay discovery based on the pendency of their motion to dismiss. Doc. 60. On February 14, 2018, this court denied the motion. Doc. 62. In response, Defendants appealed the denial to the district court. Docs. 64, 65.

### B. Case Management And Discovery Efforts To Date.

This case began as most do—with an eye towards the Rule 26(f) conference and discussions between counsel as to various case management deadlines. The parties freely

MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' OBJECTIONS TO ORDER
DENYING DISCOVERY STAY - 4
Case No.: 6:16-cv-00970-RBD-TBS

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

negotiated, jointly signed, and filed the case management report on October 10, 2017. *See* Doc. 36. Significantly, in the case management report, precisely in the location where Defendants could, and should, have raised any potential discovery stay issues, the parties agreed as follows:

> g. Other Matters Regarding Discovery
>
> **A party withholding documents based on one or more claims of privilege will produce a privilege log. There will be no obligation to produce privilege logs identifying attorney-client communications and work product documents created following the commencement of this lawsuit, including the efforts to locate and collect documents and ESI in response to a discovery request in this matter. The parties may also omit from their privilege logs all protected communications occurring solely between a party or its employees and their respective in-house or outside counsel. Failure to produce a privilege log prior to or contemporaneously with a particular production is not a waiver of any applicable privilege. Rather, the producing party need only produce its privilege logs within a reasonable time of completing their production, unless the presiding judge in this action has specific procedures governing the timeliness of privilege logs.**

Doc. 36 at 11. On October 16, 2017, after the parties filed the case management report, the undersigned issued four non-party document subpoenas. In response to those subpoenas, curiously, Defendants' counsel—who does not represent the non-parties—requested a stay of non-party discovery until the parties engaged in discovery. The undersigned declined because Defendants were unable to produce any authority for the request.

On November 17, 2017, the undersigned served a first request for production, to which Defendants responded on December 18, 2017. Not only did Defendants not raise a discovery stay anywhere in those responses, Defendants actually agreed to produce

MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' OBJECTIONS TO ORDER
DENYING DISCOVERY STAY - 5
Case No.: 6:16-cv-00970-RBD-TBS

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

documents in response to numerous requests therein.[2]  In fact, Defendants did not raise the issue of a discovery stay between the parties until January 17, 2018, some three months after the parties negotiated the case management report.  The fact that Defendants began to engage in discovery in this case with Bernier, then reversed course, is a telling indictment of the allegation that, now, there is somehow prejudice or undue burden from the same discovery requests served in November 2017.

### III.    LEGAL STANDARD

When a party objects to a magistrate judge's findings, the district court must "make a *de novo* determination of those portions of the report . . . to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(a).  The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  *Id*.  The district court must consider the record and factual issues independent of the magistrate judge's report.  *Wiley v. Comm'r of Soc. Sec.*, No. 6:14-cv-1276-ORL, 2015 WL 5521907, at *1 (M.D. Fla. Sept. 15, 2015) (citing *Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990)).

"Normally, the pendency of a motion to dismiss or a motion for summary judgment will not justify a unilateral motion to stay discovery pending resolution of the

---

[2] In addition, in the case management report, Defendants agreed to "begin production of non-privileged documents in response to discovery requests within thirty (30) to forty-five (45) days of serving responses and objections to discovery requests."  Doc. 36 at 9.  Despite this agreement, Defendants have not produced a single document in response to any request, even those where they agreed to do so.  A motion to compel is forthcoming.

MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' OBJECTIONS TO ORDER
DENYING DISCOVERY STAY - 6
Case No.:  6:16-cv-00970-RBD-TBS

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

dispositive motion. Such motions for stay are rarely granted. However, unusual circumstances may justify a stay of discovery in a particular case upon a specific showing of <u>prejudice</u> or <u>undue burden</u>." Middle District Discovery (2015) at 5–6 (emphasis added).

## IV. ARGUMENTS AND AUTHORITIES

The court correctly concluded that a balance of factors weighs against the entry of discovery stay for several reasons. First, Bernier has stated a viable claim under the FCA with particularity, based on her knowledge of Defendants' fraudulent schemes <u>even without the benefit of discovery</u>. Second, Magistrate Judge Smith took a preliminary peek at Defendants' fully briefed motion to dismiss and found that it was unclear whether such motion is truly case dispositive. Doc. 62 at 7. Third, Defendants' reliance on *Chudasama* is misplaced because that case would govern a fact pattern that is effectively the opposite of this case because there, a stay was appropriate by virtue of the district court not ruling on a motion to dismiss for over a year and half while discovery was proceeding.

Equally important, Defendants have failed to show how they are in any way prejudiced by proceeding with discovery; and, at the same token, admit that they intend to propound discovery to Bernier during the pendency of resolution of the instant appeal. *See* Doc. 64 at 3. Defendants cannot have it both ways: discovery is not a carefully orchestrated dance where litigants pick and choose when they will, and will not, comply with the discovery rules and case management and scheduling order.

MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' OBJECTIONS TO ORDER
DENYING DISCOVERY STAY - 7
Case No.: 6:16-cv-00970-RBD-TBS

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

### A. Bernier Stated A Viable FCA Claim Based On Knowledge With Particularity Under Rule 9(b) Without The Need Of Discovery.

As Magistrate Judge Smith concluded, Bernier "has already identified, without the benefit of discovery, specific [false] claims [made] against Defendants." Doc. 62 at 7. The order specifically indicates that Bernier has identified the following claims without the need of discovery:

> "Plaintiff, a former professor at CSL, alleges that after entering into the PPA, CSL internationally and recklessly admitted academically underqualified students, and retained students who should have been dismissed for lack of satisfactory progress (Id., ¶¶ 2, 17.) She asserts that CSL failed to maintain accreditation standards set by the ABA; engaged in practices that violated Title IV's ban on incentive compensation; awarded gift aid to students; and deliberately failed to deduct the amount of the gift aid from the financial aid CSL received from the DOE (Id., ¶¶ 5, 19, 20, 23, 35–38). Plaintiff alleged that the Dean of CSL manipulated its grading structure so that he students appeared to be making satisfactory academic progress and could submit financial aid claims to the government for payment; and that CSL deleted students' grades so that they could "start over" and borrow more federal student aid money from the government. (Id., ¶¶ 23, 25). Plaintiff also contends that CSL manipulated its students' bar exam passage rates and employment statistics (Id., ¶ 28). She claims that when CSL received student aid from the DOE, Infilaw used the money for its own purposes, and then returned it just-in-time for mandatory distributions to students." (Id. ¶ 14).

*Id.* at 1–2.

Bernier became aware of Defendants' fraudulent schemes because Defendants discussed them during faculty meetings <u>where she was physically present</u>. *See generally* Doc. 48. CSOL also required Bernier to engage in various recruitment practices, which, in turn, affected her involvement with CSOL's financial practices that all occurred during the course of her employment at CSOL. *See id.* Thus, Bernier is not searching for truth or engaging in a so-called "fishing expedition" by engaging in discovery because she was

MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' OBJECTIONS TO ORDER
DENYING DISCOVERY STAY - 8
Case No.: 6:16-cv-00970-RBD-TBS

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

either (i) physically present when Defendants engaged in behavior such as critically lowering the minimum student grade point average, which had a direct correlation on the amount of federal student aid CSOL could receive from the DOE, Doc. 48 at 23, and (ii) has knowledge of false claims arising from her interactions with CSOL's financial aid and admission's departments staff, who were on the frontlines of receiving financial aid from the DOE and essentially admitting as many students as possible into CSOL, which, again, had a direct correlation on the amount of federal student aid CSOL could receive from the DOE, *id.* at 14.

What is more, Defendants mistakenly rely on factually distinguishable cases to support the proposition that a discovery stay is warranted because the court has not yet determined whether Bernier has asserted a viable FCA claim.[3]  *See U.S. ex. rel. Atkins v. McInteer*, 470 F. 3d. 1350, 1359 (11th Cir. 2006) (affirming dismissal because relator's FCA claims were based on allegations of "rumors from staff" and "obser[vations] of behavior" that did not sufficiently meet the pleading requirements); *U.S. ex. rel. Clausen*

---

[3] Contrary to Defendants' argument, Doc. 64 at 3, n.4, the district court has discretion to consider Bernier's arguments concerning the cases of *Atkins* and *Clausen*, which were not previously presented in her opposition to the motion to stay discovery. *See Capstone Bldg. Corp. v. Am. Motorist Ins. Co., Inc.*, No. 2:08-CV-00513-RDP, 2011 WL 13228276, at *1 (N.D. Ala. May 27, 2011) (citing *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009)) (recognizing that on appeal of a report and recommendation, the district court has discretion to consider any arguments not made to the magistrate court). Defendants' cite *Williams* as allegedly precluding the district court from considering Bernier's arguments. *See* Doc. 64 at 3, n.4. But as the *Capstone Bldg.* court explained, the defendant in that case misunderstood the *Williams* holding. *Capstone Bldg. Corp.*, 2011 WL 13228276 at *1. So too, do Defendants in this case.

MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' OBJECTIONS TO ORDER
DENYING DISCOVERY STAY - 9
Case No.:  6:16-cv-00970-RBD-TBS

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

*v. Lab. Corp. of Am.*, 290 F.3d. 1301, 1307, 1314 & n.24 (11th Cir. 2002) (affirming dismissal of relator's amended complaint and holding that corporate outsider failed to allege with specificity the false claims pursuant to Fed. R. Civ. P. 9(b)).

The *Clausen* relator worked for a competitor of the company that allegedly violated the FCA. *See Clausen*, 290 F.3d at 1314. The Eleventh Circuit's analysis included the observation that "[m]ost relators in *qui tam* actions are insiders." *Id.* The *Clausen* relator, unlike Bernier, was an <u>outsider</u>. Going further, the *Clausen* relator also did not, and could not, allege that the suspected fraudulent schemes at issue were ever actually brought to fruition. *Id.* at 1312. Indeed, the *Clausen* court stated that "[n]o policies about billing <u>or even second-hand information</u> about billing practices were described" in the FCA complaint. *Id.* (emphasis added). The *Clausen* fact pattern is diametrically opposed to the facts here. Bernier was undeniably employed as a CSOL professor [4] for nearly three years and, while being so, worked with CSOL's financial aid department where false claims were transmitted to the DOE by reason of student certifications for federal financial aid. *See generally* Doc. 48.

*Atkins* followed *Clausen* and it, too, involved a corporate outsider as opposed to an insider like Bernier. *See Atkins*, 470 F.3d at 1354. In *Atkins*, the relator was a psychiatrist with a tangential relationship to the defendant who allegedly violated the

---

[4] Unlike most law schools, CSOL required its law professors to "directly engage in almost all CSOL departments, including, but not limited to, CSOL's Financial Aid Departments." Doc. 48 at 2.

MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' OBJECTIONS TO ORDER DENYING DISCOVERY STAY - 10
Case No.: 6:16-cv-00970-RBD-TBS

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

FCA. *See id.* The FCA complaint alleged that two other psychiatrists and their associated business improperly sought reimbursement for services from Medicare and Medicaid. *Id*. The *Atkins* relator's allegations were based on "rumors from staff" employed by the defendant-business and generally what "he believed." *Id.* at 1359–1360. Ultimately, the court upheld dismissal of the FCA complaint because Rule 9(b)'s particularity requirement was not satisfied and found it a "nullity if Plaintiff gets a ticket to the discovery process without identifying a single claim." *Id*. Again, by contrast, Bernier, has first-hand personal knowledge of Defendants' schemes to defraud the federal government. As a CSOL professor and corporate insider, she was exposed to, or made aware by fellow employees in departments (*e.g.*, financial aid and admissions), with whom she regularly interacted. *See* Doc. 48 at 118–121.

The other cases cited by Defendants for the proposition that courts routinely stay discovery in FCA cases pursuant to *Atkins* and *Clausen* until the pleadings survived dismissal fares no better. *See, e.g.*, *U.S. ex rel. Mastej v. Health Mgmt. Assocs., Inc.*, 591 F. App'x 693 (11th Cir. 2014) (finding that any "indicia of reliability" as to submission of false claims after relator's departure disappeared when he left employment); *U.S. ex. rel. Fla. Soc'y. of Anesthesiologists v. Choudry,* 2016 WL 7205970, at *3 (M.D. Fla. Oct. 11, 2016) (granting discovery stay until relator amended the complaint to correct multiple deficiencies); *U.S. ex. rel. Johnson v. E-Med Source of Fla., Inc.*, 2015 WL 6742059, at *4 (M.D. Fla. Nov. 3, 2015) (granting <u>unopposed</u> request to stay discovery); *U.S. ex. rel. Bumbury v. Med-Care Diabetic & Med. Supplies, Inc.*, 2014 WL 12284078, at *1 (S.D. Fla. June 17, 2014) (granting discovery stay because it was possible that relator, a three-

MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' OBJECTIONS TO ORDER
DENYING DISCOVERY STAY - 11
Case No.: 6:16-cv-00970-RBD-TBS

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

month employee of defendant, was not in a position to allege personal knowledge of the underlying false claims with particularity under Rule 9(b)).

A more authoritative case on this issue is the case of *Hill v. Morehouse Medical Associates, Inc.*, Case No. 02–14429, 2003 WL 22019936 *4 (11th Cir. Aug. 15, 2003). In *Hill,* the Eleventh Circuit held that a former billing and coding employee of a medical care provider satisfied Rule 9(b) where her complaint claimed that she had knowledge of fraud because she worked in the very department where the fraudulent billing schemes occurred. *Id.*; *cf. Clausen*, 290 F.3d. at 1341 (recognizing that "an insider might have an easier time obtaining information about billing practices" and meeting the pleading requirement under the FCA). Ultimately, the *Hill* court held that the relator's complaint met the particularity requirements of 9(b). *See Hill*, 2003 WL 22019936 at *5; *see also U.S. ex rel. Walker v. R & F Properties of Lake County, Inc*., 433 F.3d 1349, 1360 (11th Cir. 2005) (holding that Rule 9(b) was satisfied where relator was nurse practitioner in the defendant's employ whose conversations about the defendant's billing practices with the defendant's office manager formed the basis for the relator's belief that claims were actually submitted to the government).

### B. The Magistrate Court Correctly Determined That A Preliminary Peek At The Merits Of Defendants' Motion To Dismiss Revealed That A Discovery Stay Is Improper.

In deciding whether to stay discovery pending resolution of pending motion, a court inevitably must balance harm produced by delay in discovery against possibility that motion will be granted and entirely eliminate need for such discovery. *See* Fed. R. Civ. P. 26(c); *see also McCabe v. Foley*, 233 F.R.D. 683 (M.D. Fla. 2006). Here,

MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' OBJECTIONS TO ORDER
DENYING DISCOVERY STAY - 12
Case No.: 6:16-cv-00970-RBD-TBS

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

Magistrate Judge Smith reviewed Defendants' pending motion to dismiss and found that it was not truly case dispositive. Doc. 62 at 7. Specifically, the order states that "[t]he Court reviewed Plaintiff's amended complaint, the motion to dismiss, the response to the motion, and Defendants' reply" and found that it is "not persuaded that at this early stage in the litigation that there is an 'immediate and clear possibility that' the motion to dismiss will be granted, or that if it is granted, that Plaintiff will not be given leave to further amend the complaint." *Id.* Accordingly, Magistrate Judge Smith found that "[t]hese factors weight against a stay." *Id.*

In a mere footnote, Defendants contend that the possibility that Bernier may be given leave to amend does not weigh against a stay here because Bernier has already amended once, and courts typically stay discovery in FCA cases until amendment is complete. Doc. 64 at 10. This bears no weight in favor of a stay. In reviewing Defendants' dispositive motion, Magistrate Judge Smith effectively determined that an amendment to Bernier's complaint would not prove to be futile. *See United States v. Holy Cross Hosp., Inc.*, No. 03-62097-CIV, 2006 WL 8432157, at *10 (S.D. Fla. Oct. 18, 2006) (granting relator's leave to amend false claims complaint, recognizing that Federal Rule of Civil Procedure 15(a) provides that leave to amend the complaint shall be freely given as "justice so requires"). Thus, the fact that Bernier has amended her claims once as of right should not be considered in favor of a discovery stay.

It should also be noted that Magistrate Judge Smith is no stranger in deciding discovery stays in FCA suits. *See, e.g.*, *United States v. Space Coast Med. Assocs., L.L.P.*, No. 6:13-cv-1068ORL22TBS, 2014 WL 12616951 (M.D. Fla. Dec. 3, 2014)

MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' OBJECTIONS TO ORDER
DENYING DISCOVERY STAY - 13
Case No.: 6:16-cv-00970-RBD-TBS

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

(Smith, J.) (denying discovery stay pending resolution of motion to dismiss after taking a preliminary peek at defendant's dispositive motion). In *Space Coast*, the relator filed a second amended complaint alleging that the defendants violated the federal and Florida False Claims Act. *Id.* at *1. The defendants moved to dismiss the complaint on the grounds that it failed to plead plausible and particular claims upon which relief could be granted. *Id.* Defendants also moved to stay discovery pending resolution of its dispositive motion. *Id.* Although the plaintiff unopposed the discovery stay, Magistrate Judge Smith denied the stay after taking a preliminary peek at the merits of the complaint, motion to dismiss, and response to same. *Id.* And in *Space Coast*, as here, Magistrate Judge Smith concluded that it was unclear whether defendants' dispositive motion was truly case dispositive. *Id.* Thus, the district court should overrule Defendants' objections to the report and recommendation and affirm the denial of the discovery stay.

### C. None Of The Facts In This Case Are Analogous To *Chudasama*.

Defendants are attempting to direct this court on a path into the abyss by relying on *Chudasama* to stay discovery in this matter. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d. 1353, 1366-67 (11th Cir. 1997). There, the district court unduly delayed deciding a motion to dismiss, which was fully briefed, for over a year and a half, which led to the Eleventh Circuit's conclusion that a stay was appropriate while the dispositive motion was pending. *Id.* at 1368. The *Chudasama* court's "primary concern . . . was with the district court's delay and prolonging of the parties' discovery and costs unnecessarily." *Gannon v. Flood,* No. 08-60059-CIV, 2008 WL 793682, at *1 (S.D. Fla.

MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' OBJECTIONS TO ORDER
DENYING DISCOVERY STAY - 14
Case No.: 6:16-cv-00970-RBD-TBS

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

Mar. 24, 2008). Surely Defendants do not suggest that discovery in this case has unnecessarily caused them prolonged costs because they have failed to date to produce even a single paper in response to Bernier's discovery requests.

Clearly, the *Chudasama* case is factually distinguishable from the case at bar because Defendant's motion to dismiss did not become ripe until January 9, 2018. *See* Doc. 59. This court has <u>not</u> delayed in adjudicating the motion to dismiss (for over a year and a half) and, thus, has not unnecessarily prolonged any discovery. Discovery has only just begun, with the first discovery requests served on Defendants in November 2017 and responded to in December 2017. Defendants have not even moved for a protective order as to any of the discovery requests served by Bernier to date. The discovery cutoff in this case is March 22, 2019. *See* Doc. 43 at 3. Therefore, the instant action is certainly not comparable to *Chudasama*, and a discovery stay is not warranted.

### D. Defendants Have Failed To Show How They Are In Any Way Prejudiced By Proceeding With Effective Discovery Practice.

The local discovery practices of this court are clear: "[n]ormally, the pendency of a motion to dismiss . . . will not justify a unilateral motion to stay discovery pending resolution of the dispositive motion. Such motions for stay are rarely granted." Middle District Discovery (2015) at 5–6. And when such motions are granted, the movant must show prejudice or undue burden. *See id.* Defendants have failed to meet their heavy burden of establishing the requisite grounds for a discovery stay because they have not pointed out a specific reason why the production of documents to relator's requests are unfairly prejudicial or unduly burdensome. *See Feldman v. Flood,* 176 F.R.D. 651, 652 (M.D. Fla. 1997) ("Such motions are generally not favored because when discovery is

MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' OBJECTIONS TO ORDER
DENYING DISCOVERY STAY - 15
Case No.: 6:16-cv-00970-RBD-TBS

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems.").

To be sure, Defendants simply point to the <u>anticipated burden</u> "to search for, collect, store, process, and review years of data on dozens of topics from a large number of custodians, and <u>perhaps</u> tens or hundreds of thousands of documents." *See* Doc. 60 at 11 (emphasis added). These are conclusory, self-interested statements that carry negligible, if any, weight. Defendants have not bothered to put forth the effort of evincing any prejudice or undue burden by supporting the allegations with an affidavit, which is necessary to establish undue burden. *See, e.g.*, *Zamperla, Inc. v. I.E. Park SrL*, 6:13-cv-1807ORL37KRS, 2014 WL 12614505, at *2 (M.D. Fla. Nov. 3, 2014) ("When the discovery requests seek relevant information, the responding party has the burden of showing that the discovery is improper, unreasonable, or burdensome. The responding party must show specifically how the requested discovery is burdensome, overbroad, or oppressive by submitting detailed affidavits or other evidence establishing the undue burden.") (internal quotations and external citation omitted). In the absence of supporting evidence, Defendants' actions, then, can only be interpreted as a dilatory tactic meant to prevent Bernier from proceeding forward with the instant lawsuit.

The sister district courts of this jurisdiction have made clear that speculation regarding the potential burdensome of future discovery requests is insufficient as a matter of law. *See Gannon v. Flood*, No. 08-60059-CIV, 2008 WL 793682, at *1 (S.D. Fla. Mar. 24, 2008) (holding that no broad rule exists that discovery should be deferred

MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' OBJECTIONS TO ORDER
DENYING DISCOVERY STAY - 16
Case No.:  6:16-cv-00970-RBD-TBS

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

whenever there is a pending motion to dismiss); *Bocciolone v. Solowsky*, No. 08-20200-CIV, 2008 WL 2906719, at *2 (S.D. Fla. July 24, 2008) (denying a motion to stay pending resolution of motion to dismiss and requiring a "specific showing of prejudice or burdensomeness").

Ironically, and conspicuously absent from Defendants' papers, is the fact that CSOL is currently actively involved in other federal litigation, a class action by a group of former students raising similar allegations against the Defendants that is currently pending before the United States District Court for the Western District of North Carolina. *See Spencer Krebs, et. al. v. Charlotte School of Law, LLC*, No. 3:17-cv-00190-GCM, Doc. 120, (W.D.N.C. Dec. 18, 2017). Thus, Defendants may already have the documents responsive to at least some of Bernier's discovery requests preserved, collected, culled, and ready for production.

## V. CONCLUSION

This Court should not hesitate to overrule Defendants' objections the denial of the discovery stay because the balance of factors weighs against such a ruling. Defendants should not be allowed to "have one foot in and one foot out" of discovery and hide behind spurious claims that Bernier has not properly pled factual allegations under Rule 9(b). To prohibit Bernier from obtaining discovery from Defendants, or from any third party, would, in fact, cause case management issues for the court's busy docket. Defendants have done no more in the appeal than to introduce sheer hyperbole into the record in an effort to establish prejudice and undue burden and have not provided this

MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' OBJECTIONS TO ORDER
DENYING DISCOVERY STAY - 17
Case No.: 6:16-cv-00970-RBD-TBS

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

court with any evidence whatsoever to substantiate the claims. This alone requires the court to overrule the objection.

**WHEREFORE,** Relator, BARBARA BERNIER, respectfully requests that the court enter an order OVERRULING the objections to the denial of the discovery stay served by Defendants, INFILAW CORPORATION and CHARLOTTE SCHOOL OF LAW, LLC, and for any such other further relief deemed appropriate.

**DATED** on March 14, 2018

Respectfully submitted,

WATSON LLP

*/s/ Coleman Watson*
**Coleman W. Watson, Esq.**
Florida Bar. No. 0087288
California Bar No. 266015
Georgia Bar No. 317133
New York Bar No. 4850004
Email: coleman@watsonllp.com
          docketing@watsonllp.com
**Leia V. Leitner, Esq.**
Florida Bar No. 0105621
Email: leia@watsonllp.com

**WATSON LLP**
189 S. Orange Avenue
Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

*Attorneys for Relator,*
BARBARA BERNIER

MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' OBJECTIONS TO ORDER
DENYING DISCOVERY STAY - 18
Case No.:  6:16-cv-00970-RBD-TBS

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 14, 2018, pursuant to Fed. R. Civ. P. 5, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send an electronic notice to the following lead counsel of record in this proceeding:

**LAW OFFICES OF MARK L. HORWITZ, P.A.**
**Vincent A. Citro, Esq.**
17 East Pine Street
Orlando, FL 32801
Email: vince@mlhorwitzlaw.com

**COOLEY, LLP**
**David Mills, Esq.**
1299 Pennsylvania Avenue
Washington, D.C. 20004
Email: dmills@cooley.com
*Admitted Pro Hac Vice*

**COOLEY, LLP**
**Mazda K. Anita, Esq.**
4401 Eastgate Mall
San Diego, CA 92121
Email: mantia@cooley.com
*Admitted Pro Hac Vice*

　　　　　　　　　　　　　　　　*/s/ Coleman Watson*
　　　　　　　　　　　　　　　　**Coleman W. Watson, Esq.**

MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' OBJECTIONS TO ORDER DENYING DISCOVERY STAY - 19
Case No.: 6:16-cv-00970-RBD-TBS

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688