Coleman W. Watson, Esq.
coleman@watsonllp.com
Leia V. Leitner, Esq.
leia@watsonllp.com
WATSON LLP
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Telephone: 407.377.6634
Facsimile: 407.377.6688

*Attorneys for Relator/Plaintiff Barbara Bernier and Plaintiff Ese Love*

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF FLORIDA**

**ORLANDO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, EX REL. BARBARA BERNIER; BARBARA BERNIER; and, ESE LOVE, <br><br> Plaintiffs, <br><br> vs. <br><br> INFILAW CORPORATION; CHARLOTTE SCHOOL OF LAW, LLC; AMERICAN BAR ASSOCIATION, D/B/A COUNCIL OF THE SECTION OF LEGAL EDUCATION AND ADMISSIONS TO THE BAR; AMERICAN BAR ASSOCIATION, D/B/A ACCREDITATION COMMITTEE OF THE SECTION OF LEGAL EDUCATION AND ADMISSION TO THE BAR, <br><br> Defendants. | Case No.: 6:16-cv-00970-RBD-TBS <br><br> **MEMORANDUM OF LAW IN OPPOSITION FOR MOTION FOR EXTENSION OF TIME** |

Plaintiffs, BARBARA BERNIER and ESE LOVE, pursuant to M.D. Fla. R. 3.01(b), respond to the motion for extension of time served by Defendants, INFILAW CORPORATION and CHARLOTTE SCHOOL OF LAW, LLC, and state as follows:

1. Bernier initially filed suit, under seal, in June 2016 because she commenced this action under the *qui tam* provision of the federal False Claims Act (the "FCA"), 31 U.S.C. § 3729, *et seq*. *See* Doc. 1.

2.  In the course of the proceedings, Bernier filed a first amended complaint, Doc. 48, and Defendants moved to dismiss same, Doc. 53.

3.  Ultimately, the court dismissed the amended complaint and granted leave to re-plead and file a second amended complaint. Doc. 71 at 20.

4.  Bernier filed the second amended complaint, Doc. 73, as directed by the court. Significantly, the second amended complaint narrows the *qui tam* claims against Defendants for all the reasons reflected in the court's order, Doc. 71, dismissing the amended complaint.

5.  The second amended complaint also added count IV (gross negligence) and count V (fraudulent inducement) against Defendants.[1]  Doc. 73 at 24–26.

6.  Defendants' requested extension is based on five reasons.

7.  First, Defendants seek an extension of time to "address the addition of several new parties" to this action. Doc. 78 at 2.

8.  Second, Defendants' request for an extension of time is based on the alleged need for additional time to address the "new claims." *Id.*

9.  Third, Defendants' extension request is based on the notion that the court should grant the motion so that the deadline can be co-extensive with that of the American Bar Association (the "ABA"), whom has not appeared in this case and, by extension, has not sought any extension from this court. *See* Doc. 78 at 2.

10.  Fourth, Defendants also urge the court to enter the requested extension on the basis that two other *qui tam* cases have recently been unsealed and that "new briefing" is now allegedly required on the first-to-file bar in this action. *Id.* at 3.

11.  And Fifth, Defendants seek the requested extension on the basis of personal vacations and commitments by counsel to other matters. *Id.*

12.  In consideration of these reasons, the undersigned already offered Defendants an extended deadline of May 30, 2018, *id.*, which Defendants rejected by virtue of filing the motion for extension of time.

---

[1] The second amended complaint also added count III for negligence, which is not alleged against Defendants. Doc. 73 at 21–23.

MEMORANDUM OF LAW IN OPPOSITION FOR MOTION FOR EXTENSION OF TIME-2
Case No.: 6:16-cv-00970-RBD-TBS

13. In actions where an amended pleading is filed, a party then has 14 days to respond to the pleading. *See* Fed. R. Civ. P. 15(a)(3). The federal rules authorize this court to enter an extended deadline for good cause if the movant, as here, requests an extension before the deadline expires. *See* Fed. R. Civ. P. 6(b). "Good cause" is a standard that is found in many of the federal rules; nonetheless, what all rules share in common is that to demonstrate "good cause," a party must show that despite his diligence, the initial deadline cannot be met. *See, e.g.*, *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). "A finding of lack of diligence on the part of the party seeking modification ends the good cause inquiry." *Freedman v. Suntrust Banks, Inc.*, 6:15-CV1657ORL41TBS, 2016 WL 3196464, at *2 (M.D. Fla. June 9, 2016) (external citations omitted) (Smith, J.).

### *New Parties*

14. There is no justification for an extension of time on the basis of additional parties to this action. The second amended complaint added Bernier to this suit as a plaintiff on the non-*qui tam* claims. *See generally* Doc. 73. Given that Defendants have, no doubt, been aware of Bernier since August 2017, it is not clear what additional time is needed as to Bernier. The second amended complaint also added Ese Love as a plaintiff, whom Bernier previously disclosed to Defendants on November 30, 2017 as a fact witness in this case and who Bernier also identified in the amended complaint, Doc. 48 at 14. Ironically, counts IV and V the second amended complaint show that Love has no claim against Defendants. *See* Doc. 73 at 24–26. So, it is not clear why any additional time is needed as to Love when Defendants are not implicated by her only claim, count III, which is not made against Defendants.

### *New Claims*

15. There is little, if any, justification for additional time to examine the additional two claims against Defendants. With respect to the claim for gross negligence, the claim is based on practically all of the same general allegations that have been known to Defendants since the court lifted the seal on the initial complaint in August 2017. *See* Doc. 16. In fact, there are no new factual allegations that embrace the gross negligence claim. *See* Doc. 73 at 24–25. The fraudulent inducement claim also arises from the same nucleus of facts that have been at

WATSON LLP
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Telephone: 407.377.6634

1  issue since Bernier served Defendants with the initial complaint in August 2017.  Docs. 22, 23.

2  In any event, any new allegations contained within the *nine* paragraphs of the fraudulent

3  inducement claim can be addressed in the additional nine days of time that Plaintiffs have

4  already offered to Defendants.

### *Co-Extensive Deadline with the ABA*

6  16.  Defendants request based on what the ABA *might* seek from this court is no basis

7  for a Rule 6 extension.  Count III of the second amended complaint is distinct from the claims

8  against Defendants and Defendants do not face potential liability under count III.  Defendants do

9  not explain to this court why their efforts to respond to the second amended complaint have

10  anything to do with the ABA; indeed, the request based on the ABA appears to be a request

11  merely for convenience.  This does not evince good cause.

### *Other Qui Tam Cases*

13  17.  The relator in one of the other *qui tam* cases, *O'Connor*, already voluntarily

14  dismissed the qui tam complaint in that action.  Thus, it is clear that the first-to-file bar cannot be

15  implicated when a case is no longer co-pending.  *See Kellogg Brown & Root Services, Inc. v.*

16  *U.S., ex rel. Carter*, 135 S. Ct. 1970, 1979 (2015) ("The False Claims Act's *qui tam* provisions

17  present many interpretive challenges, and it is beyond our ability in this case to make them

18  operate together smoothly like a finely tuned machine.  <u>We hold that a *qui tam* suit under the

19  FCA ceases to be 'pending' once it is dismissed</u>.") (emphasis added).  What is more, Defendants

20  have ostensibly known about any potential issues with the *O'Connor* case as of April 9, 2018

21  because Defendants filed a motion for leave to supplement the motion to dismiss briefing based

22  on the *O'Connor* case.  *See* Doc. 69 at 2.  Defendants offer no explanation as to how continued

23  diligence on an issue raised more than a month ago somehow prevents them from meeting an

24  impending deadline.

25  18.  With respect to the *Lorona* case, it was unsealed on April 24, 2018.  The

26  allegations in *Lorona* do not overlap with the allegations in this case that survived dismissal.

27  Either the first-to-file bar is implicated by the complaints in both cases, or it is not.  It is not clear

28  why an additional 56 days of time is needed in this case to simply compare the allegations in

MEMORANDUM OF LAW IN OPPOSITION FOR MOTION FOR EXTENSION OF TIME-4
Case No.: 6:16-cv-00970-RBD-TBS

WATSON LLP
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Telephone: 407.377.6634

both actions. There is no good cause for the extension in this case based on the two other *qui tam* cases, one of which is no longer pending.

### *Personal Vacations and Other Commitments*

19. Defendants provided no context to personal vacations and commitments to other legal matters other than to request an extension up to and including June 22, 2018. *See* Doc. 78-1 at 2. Based on the motion, it appears that at least one of the three attorneys who have appeared for Defendants will be returning from vacation Memorial Day weekend. Doc. 78 at 3, n.1. There is no indication as to what commitments counsel has to other legal matters. All attorneys are busy, and it makes it difficult to agree to an incredibly long extension if there is little explanation as to why such amount of time is needed. For example, counsel does not indicate that there is an overlapping trial or series of depositions in any other case. From the allegations in the motion, the court cannot discern whether counsel could or could not meet the extended deadline offered due to personal vacations and other commitments.

20. Simply put, the motion makes no effort to explain why, despite diligence, Defendants are unable to meet the extended deadline of May 30, 2018 offered by Plaintiffs. Noticeably, there is no argument anywhere in the motion that speaks to diligence. This alone should be fatal to the requested extension. *See Freedman*, 2016 WL 3196464 at *2.

21. The local rules of this court encourage cooperation among counsel and directs counsel to make reasonable attempts to accommodate schedules. *See* Middle District Discovery (2015) at 3. To that end, the undersigned has already granted several requests for extension of time in this action for these purposes. *See* Docs. 24, 51, 54. With respect to Defendants' instant motion, the undersigned again offered an additional nine days to respond to the second amended complaint. No matter, Defendants seek a 56-day extension, in addition to the 14 days already granted as a matter of right by Rule 15. 70 days of time is not needed to respond to the second amended complaint, the lion's share of which the court already narrowed considerably.

22. While Plaintiffs will continue to cooperate and make reasonable accommodations to counsel, it is not reasonable for the court to enter a 56-day extension on the second amended complaint for the reasons identified in Defendants' motion.

**WHEREFORE,** Relator/Plaintiff, BARBARA BERNIER, and Plaintiff, ESE LOVE, pursuant to Fed. R. Civ. P. 6(b), respectfully request the entry of an order denying the motion for extension of time, or alternatively, granting the motion to the extent of May 30, 2018, as has already been offered to Defendants, INFILAW CORPORATION and CHARLOTTE SCHOOL OF LAW, LLC.

**DATED** on May 21, 2018

Respectfully submitted,

WATSON LLP

*/s/ Coleman Watson*
**Coleman W. Watson, Esq.**
Florida Bar. No. 0087288
California Bar No. 266015
Georgia Bar No. 317133
New York Bar Reg. No. 4850004
Email: coleman@watsonllp.com
         docketing@watsonllp.com
**Leia V. Leitner, Esq.**
Florida Bar No. 0105621
Email**:** leia@watsonllp.com
**Ronika J. Carter, Esq.**
Florida Bar No. 0122358
Email: ronika@watsonllp.com

**WATSON LLP**
189 S. Orange Avenue
Suite 810
Orlando, FL 32801
Telephone: 407.377.6634
Facsimile: 407.377.6688

*Attorneys for Relator/Plaintiff Barbara Bernier and Plaintiff Ese Love*

WATSON LLP
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Telephone: 407.377.6634

MEMORANDUM OF LAW IN OPPOSITION FOR MOTION FOR EXTENSION OF TIME-6
Case No.: 6:16-cv-00970-RBD-TBS

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 21, 2018, pursuant to Fed. R. Civ. P. 5(d)(3), I filed the foregoing document electronically with this court's CM/ECF system, which will serve an electronic copy of the foregoing document on the following counsel of record in this proceeding:

**LAW OFFICES OF MARK L. HORWITZ, P.A.**
**Vincent A. Citro, Esq.**
17 East Pine Street
Orlando, FL 32801
Email: vince@mlhorwitzlaw.com

**COOLEY, LLP**
**David Mills, Esq.**
1299 Pennsylvania Avenue
Washington, D.C. 20004
Email: dmills@cooley.com

**COOLEY, LLP**
**Mazda K. Anita, Esq.**
4401 Eastgate Mall
San Diego, CA 92121
Email: mantia@cooley.com

*/s/ Coleman Watson*
**Coleman W. Watson, Esq.**

WATSON LLP
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Telephone: 407.377.6634

MEMORANDUM OF LAW IN OPPOSITION FOR MOTION FOR EXTENSION OF TIME-7
Case No.: 6:16-cv-00970-RBD-TBS