**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* BARBARA BERNIER; BARBARA BERNIER; and ESE LOVE<br><br>Plaintiffs,<br><br>v.<br><br>INFILAW CORPORATION; CHARLOTTE SCHOOL OF LAW, LLC; AMERICAN BAR ASSOCIATION, d/b/a COUNCIL OF THE SECTION OF LEGAL EDUCATION AND ADMISSIONS TO THE BAR; and AMERICAN BAR ASSOCIATION, d/b/a ACCREDITATION COMMITTEE OF THE SECTION OF LEGAL EDUCATION AND ADMISSIONS TO THE BAR<br><br>Defendants. | Case no. 6:16-CV-00970-RBD-TBS |

**MOTION FOR EXTENSION**
**OF TIME TO FILE RESPONSE TO COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 6(b) and Local Rule 3.01, Defendant American Bar Association (the "Association"), the Council of the Section of Legal Education and Admissions to the Bar, ABA (the "Council"), and the Accreditation Committee of the Section of Legal Education and Admissions to the Bar, ABA (the "Committee") (collectively, "the ABA") respectfully request an extension of time to file their response to Plaintiffs' Second Amended Complaint. Plaintiffs have consented to a twenty-one day extension, but would not agree to the forty-five day extension sought here. In support of this motion, the ABA states as follows:

1

1. On June 6, 2016, Plaintiff Barbara Bernier filed this case on behalf of the United States alleging that Defendants Infilaw Corporation ("Infilaw") and Charlotte School of Law, LLC ("Charlotte") (collectively "Defendants") submitted false claims for payment to the United States Department of the Treasury. Compl. ¶ 1 (ECF No. 1). In response to Defendants' motion to dismiss, Bernier amended the Complaint on December 4, 2017. Am. Compl. (ECF No. 48).

2. On December 4, 2017, Defendants moved to dismiss the Amended Complaint for three reasons: (1) Bernier lacked personal or firsthand knowledge of Defendants' fraudulent conduct; (2) Bernier's claims were previously disclosed and Bernier is not an original source under 31 U.S.C. § 3730(e)(4)(iii); and (3) Bernier has failed to meet the threshold requirements of either Rule 8 or Rule 9(b). Defs.' Mot. to Dismiss Am. Compl. and Supporting Memo. of Law 1 (ECF No. 53).

3. On April 23, 2018, the Court granted Defendants' motion to dismiss in part, dismissing all the claims alleged in the Amended Complaint without prejudice. Apr. 23, 2018 Order 20 (ECF No. 71). The Court held that some of the alleged false claims were publicly disclosed, Bernier was not an original source of those allegations, and therefore 31 U.S.C. § 3730(e)(4)(iii) bars Bernier from maintaining suit based on the publicly disclosed false claim. *See, generally id*. at 6–18. The remaining allegations failed to satisfy Rule 9(b)'s heightened pleading requirement. *Id*. at 18–19. The Court allowed Bernier until May 7, 2018 to file a second amended complaint. *Id*.

4. On May 7, 2018, Bernier filed the Second Amended Complaint (ECF No. 73). Despite the fact that the deadline for adding parties passed almost six months ago, the Second Amended Complaint adds a new Plaintiff, Ese Love, two new defendants, the

Council and Committee, and three new state-law claims. *See* Sec. Am. Compl. ¶¶ 5, 8, 9; ¶¶ 120–130 (negligence against the Council and Committee); ¶¶ 131–136 (gross negligence against Infilaw and Charlotte"); ¶¶ 137–146 (fraudulent inducement against Infilaw and Charlotte). The Second Amended Complaint alleges that the ABA assumed "a legal duty on behalf of prospective [law students and] faculty members of accredited law schools o certify the competency, authority, and credibility of CSOL to provide legal education commensurate with the obligations set forth in Title IV of the HEA and as the competency of CSOL as an institution of higher learning." Sec. Am. Compl.¶¶ 121–22.

5. On May 10, 2018, Plaintiffs served the ABA and, thus, the ABA's responsive pleading is due May 31, 2018. *See* Fed. R. Civ. P. 12(a)(1)(A)(i).

6. Between May 7 and May 15, three complaints were filed against the ABA, including the Second Amended Complaint. The ABA's co-defendant in this case, Charlotte, filed one of those complaints and a subsidiary of Infilaw, Florida Coastal School of Law filed the other. After the ABA was served, it immediately began looking for capable counsel. Despite the ABA's diligence, undersigned counsel was retained for this matter only recently and needs additional time to evaluate the 130 allegations in the Second Amended Complaint and this case's lengthy procedural history. Additional time is also necessary to coordinate the activities and responses of counsel across the three pending cases.

7. The ABA respectfully requests a 45-day extension to respond to the Second Amended Complaint through and including July 16, 2018.

8. This Motion is not being made for the purposes of delay, and no party will be prejudiced by the brief extension.

3

114888828.1

**Memorandum of Law**

It is well established that this Court may enlarge the time to file a responsive pleading for "cause shown." Fed. R. Civ. P. 6(b). The standard is a liberal one, and "an application for an enlargement of time under Rule 6(b)(1) will normally be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165, at 552 (3d ed. 2002). Neither bad faith nor prejudice exists here. Furthermore, there is a good cause for the requested extension as set forth in paragraph seven above.

Wherefore, Defendants respectfully request entry of an Order enlarging the deadline to file their response to Plaintiff's Second Amended Complaint through July 16, 2018.

**Local Rule 3.01(g) Certification**

Under M.D. Fla. Local Rule 3.01(g), the ABA's counsel conferred with Plaintiffs' counsel about this request on May 17, 2018. The next day, Plaintiffs' counsel informed the ABA that it would consent to a twenty-one day extension, but not the ABA's requested forty-five day extension. For the reasons stated above, a twenty-one day extension is insufficient for newly retained counsel to adequately investigate the claims in this matter and coordinate the activities of counsel in the two other pending matters filed in an eight-day span.

WHEREFORE, for the foregoing reasons, the ABA respectfully requests that the Court grant it an extension of time, through and including July 16, 2018, to file its

114888828.1

response to the Complaint, and grant any further relief the Court deems just and proper.

Dated:  May 25, 2018	Respectfully submitted,

By: */s/ Johanna W. Clark*
Johanna W. Clark
Florida Bar No. 196400
Email:  jclark@carltonfields.com
**Carlton Fields Jorden Burt P.A.**
450 S. Orange Ave.
Suite 500
Orlando, Florida  32801
Telephone No.  (407) 244-8257
Facsimile No.   (407) 648-9099

## CERTIFICATE OF SERVICE

I hereby certify that on May 25, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record in this case.

*/s/ Johanna W. Clark*
Johanna W. Clark
jclark@carltonfields.com
**Carlton Fields Jorden Burt P.A.**
450 S. Orange Ave.
Suite 500
Orlando, Florida  32801
(407) 244-8257

114888828.1