## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* BARBARA BERNIER; BARBARA BERNIER; and ESE LOVE<br><br>　　　　Plaintiffs,<br><br>　　　v.<br><br>INFILAW CORPORATION; CHARLOTTE SCHOOL OF LAW, LLC; AMERICAN BAR ASSOCIATION, d/b/a COUNCIL OF THE SECTION OF LEGAL EDUCATION AND ADMISSIONS TO THE BAR; and AMERICAN BAR ASSOCIATION, d/b/a ACCREDITATION COMMITTEE OF THE SECTION OF LEGAL EDUCATION AND ADMISSIONS TO THE BAR<br><br>　　　　Defendants. | Case no. 6:16-CV-00970-RBD-TBS |

### ABA DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO FILE REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS

Defendants American Bar Association Council of the Section of Legal Education and Admissions to the Bar (the "Council"), and American Bar Association Accreditation Committee of the Section of Legal Education and Admissions to the Bar (the "Committee") (collectively "the ABA"), hereby seek leave pursuant to Local Rule 3.01(d) to file an eight-page reply brief in support of their motion to dismiss. In support of this motion, the ABA states the following:

1.　　　On May 31, 2018, the ABA moved to dismiss the Second Amended Complaint for lack of personal and subject matter jurisdiction under Federal Rules of Civil

1

Procedure 12(b)(1) and 12(b)(2), for failure to state a claim under Federal Rule 12(b)(6), and for failure to comply with the Court's Case Management and Scheduling Order. *See* ECF No. 88.

2.      On June 14, 2018, Plaintiffs filed their response in opposition to the motion to dismiss. ECF No. 97 ("Opp. Br.").

3.      Should the Court permit, the ABA's reply brief will respond to and identify critical errors in Plaintiffs' arguments, including:

      a.      Plaintiffs critique the ABA for failing to submit evidence in support of its personal jurisdiction arguments, but there is no requirement that the ABA do so *until* Plaintiffs make a *prima facie* showing that personal jurisdiction exists. *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990). Plaintiffs' bare assertion that the ABA's contacts with Florida are "continuous and systematic" because it collects "substantial fees" from law schools in the state fails to make even a *prima facie* showing that general personal jurisdiction exists under the Supreme Court's decision in *Daimler AG v. Bauman*, 571 U.S. 117, 137–139 & n.19 (2014); *see also Wolf v. Celebrity Cruises, Inc.*, 683 F. App'x 786, 791 (11th Cir. 2017). (general jurisdiction over an out-of-state corporation exists only in "the exceptional case").

      b.      To make a *prima facie* showing that specific personal jurisdiction exists, Plaintiffs must allege injuries "aris[ing] out of or relat[ing] to at least one of the defendant's contacts with the forum." *Aviation One of Fla., Inc. v. Airborne Ins. Consultants (PTY), Ltd*, No. 16-16187, 2018 WL 359998, at *6 (11th Cir. Jan. 11, 2018) (internal quotation and citation omitted). Plaintiffs' opposition does not even

try to connect the ABA's Florida contacts with Plaintiffs' purported injuries. Instead, Plaintiffs point to the contacts of InfiLaw personnel Dennis Archer and Jay Conison with the state. Opp. Br. 11. Although Archer and Conison at one time sat on the Section of Legal Education and Admission to the Bar, Plaintiffs do not allege that Archer or Conison had any involvement with the ABA's decisions regarding Charlotte School of Law ("CSL") that are at issue in this case. Plaintiffs also contend that specific personal jurisdiction exists because InfiLaw controlled CSL, and so when the ABA was "interfac[ing]" with CSL personnel, it was really interacting with InfiLaw, which is headquartered in Florida. *Id.* Yet the Second Amended Complaint contains no allegation, suggestion, or hint that the ABA "interfaced" with CSL or InfiLaw *in the state of Florida*, and such interfacing would not suffice to establish specific jurisdiction in any event.

c.     The Court should reject Plaintiffs' attempt to twist the voluntary undertaking doctrine and Higher Education Act ("HEA") into a cognizable tort claim. Every jurisdiction in which courts have rejected negligent accreditation claims recognizes the voluntary undertaking doctrine, yet none has ever held that the doctrine gives rise to a claim for negligent accreditation. Plaintiffs cannot solve that problem by relying on the HEA, since courts have uniformly held that there is no private right of action to enforce the HEA. *See, e.g.*, *Hiwassee Coll., Inc. v. S. Ass'n. of Colleges & Sch., Inc.*, No. CIV.A. 1:05-CV-0951-, 2007 WL 433098, at *18 (N.D. Ga. Feb. 5, 2007) (citing *McCulloch v. PNC Bank Inc.,* 298 F.3d 1217, 1221 (11th Cir. 2002)).

115099678.1

4.    The ABA has stated good cause for leave to reply in order to allow the ABA to respond to what Defendants submit are misstatements of fact and misapplication of law raised by Plaintiff's memorandum in opposition. *See, e.g. Ottaviano v. Nautilus Insurance Company*, 2009 WL 425976 (M.D. Fla. Feb. 19, 2009).

5.    The ABA requests leave to file a eight-page reply brief to explain these points, and identify other errors in Plaintiffs' opposition. Further, should the Court grant this motion, the ABA requests that it be given ten days from the date of the Court's order to file the brief.

### LOCAL RULE 3.01 CERTIFICATE OF CONFERRAL

Undersigned counsel has conferred with counsel for Plaintiffs, who indicated that Plaintiffs do not oppose the relief requested.

Dated: June 21, 2018                                Respectfully submitted,

By: */s/ Johanna W. Clark*
Johanna W. Clark
Florida Bar No. 196400
Email:  jclark@carltonfields.com
Carlton Fields Jorden Burt P.A.
450 S. Orange Ave., Suite 500
Orlando, Florida  32801
Telephone No.  (407) 244-8257
Facsimile No.   (407) 648-9099

Anne E. Rea (IL 6188384)*
area@Sidley.com
Tacy F. Flint (IL 6284806)*
tflint@Sidley.com
Steven Horowitz (IL 6307861)*
shorowitz@Sidley.com
Benjamin I. Friedman (IL 6317623)*
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
Telephone No.  (312) 853-7000
* *Admitted pro hac vice*

4

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record in this case.

*/s/ Johanna W. Clark*
Johanna W. Clark
jclark@carltonfields.com
**Carlton Fields Jorden Burt P.A.**
450 S. Orange Ave.
Suite 500
Orlando, Florida  32801
(407) 244-8257

115099678.1