**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* BARBARA BERNIER, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>INFILAW CORPORATION, *et al.*<br><br>Defendants. | Case No. 6:16-CV-00970-RBD-TBS |

## ABA DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

Plaintiffs' exaggerated rhetoric cannot give this Court general or specific personal jurisdiction over the ABA,[1] or create a cause of action that courts uniformly hold does not exist. The harsh truth is that Plaintiffs have sued the ABA in the wrong jurisdiction asserting a claim that is not viable as a matter of law. To avoid this reality, Plaintiffs argue that (1) this Court has jurisdiction over the ABA based on a bare allegation that the ABA has "continuous and systematic contacts" with Florida and the ABA waived its personal jurisdiction arguments by failing to submit evidence with its motion; (2) specific personal jurisdiction exists based on the ABA's past relationship with two InfiLaw employees; and (3) a combination of the voluntary undertaking doctrine and the Higher Education Act ("HEA") establish a common-law tort for negligent accreditation.[2] For the reasons explained below,

---

[1] The ABA consists of the Council of the Section of Legal Education and Admissions to the Bar, and the Committee of the Section of Legal Education and Admissions to the Bar.

[2] The discussion of these three issues does not waive the other arguments raised in the ABA's Motion to Dismiss the Second Amended Complaint (the "Motion" or "Mot.") (ECF No. 86), and does not concede that any unaddressed arguments are correct.

1

each of these arguments fails.

## I. PLAINTIFFS HAVE NOT ALLEGED A *PRIMA FACIE* CASE FOR GENERAL PERSONAL JURISDICTION OVER THE ABA.

Plaintiffs' argument on general personal jurisdiction has it backwards. Their contention is that the ABA has waived its personal jurisdiction argument by failing to produce evidence contradicting the allegations in the Second Amended Complaint. Opp. 8. But the ABA is not under any obligation to submit evidence with its Motion. *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 810 (11th Cir. 2010).

At the outset the burden is on Plaintiffs, not the ABA, to "establish[] a *prima facie* case of jurisdiction over the movant, non-resident defendant." *Id.* at 810 (internal quotation marks omitted). To meet this "threshold requirement," Plaintiffs must allege facts that, if true, would establish personal jurisdiction over the ABA. *Id*. Only after a "Plaintiff pleads sufficient material facts to form a basis for *in personam* jurisdiction," does the "burden[] shift to Defendants to challenge Plaintiff's allegations by affidavits or other pleading." *Hollingsworth v. Iwerks Entm't, Inc.*, 947 F. Supp. 473, 476 (M.D. Fla. 1996).

The Second Amended Complaint fails at the first step: Plaintiffs have not alleged the ABA's contacts with Florida are "so continuous and systematic as to render [it] essentially at home" in Florida. *Daimler AG v. Bauman*, 571 U.S. 117, 137–139 & n.19 (2014). The Second Amended Complaint alleges—without support—that the ABA has "continuous and systematic contacts with Florida" through its dealings with Florida law schools, which is plainly insufficient to establish general personal jurisdiction under *Daimler*. *See* Opp. 8. Plaintiffs' opposition attempts to bolster this bare conclusion by alleging, for the first time, that "Florida holds the third highest number of accredited law schools in the nation." Opp. 9.

But general personal jurisdiction based on these bare allegations would lead to exactly the sort of "exorbitant" exercises of jurisdiction that *Daimler* prohibits. *Daimler*, 571 U.S. at 139 (rejecting an approach that would permit general jurisdiction "in every other State in which" the defendant conducts significant business); *see also* Mot. 7–9.

## II. PLAINTIFFS HAVE NOT ALLEGED A *PRIMA FACIE* CASE OF SPECIFIC PERSONAL JURISDICTION.

For Plaintiffs to allege a *prima facie* case of specific personal jurisdiction, they must show some relationship between their claims and the ABA's contacts with Florida. In other words, Plaintiffs claims must "'arise out of or relate to' at least one of the *defendant's* contacts with the forum." *Aviation One of Fla., Inc. v. Airborne Ins. Consultants (PTY), Ltd*, 722 F. App'x 870, 879 (11th Cir. 2018) (emphasis added). Plaintiffs' Opposition does not even try to connect the ABA's Florida contacts with Plaintiffs' purported injuries, but instead focuses on contacts between defendant InfiLaw and Florida. This goes nowhere: contacts between the forum State and *other parties* cannot create personal jurisdiction as to the ABA. *See Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014) (explaining that the Supreme Court has "consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State").

Plaintiffs argue that specific jurisdiction exists because the ABA allegedly had "relationships" with Dennis Archer and Jay Conison, who "serve/served in positions focused on accreditation" in the ABA at the same time that they served on the Board of InfiLaw. Opp. 11. But Archer and Conison cannot create personal jurisdiction as to the ABA for two independent reasons. First, the question for specific jurisdiction is whether the ABA had contacts with Florida *in connection with its supposedly negligent accreditation of Charlotte*

3

*School of Law ("CSL")*. Plaintiffs do not and cannot allege that Archer or Conison played any role in the ABA's accreditation of CSL—so any "relationships" with Archer or Conison are irrelevant to specific jurisdiction in this case. Second, what matters for determining personal jurisdiction as to the ABA is whether *the ABA* had contacts with Florida—not whether individuals who "served in positions" at the ABA had contacts with Florida. Plaintiffs cannot bootstrap any contacts of Archer or Conison (or any "other parties") into personal jurisdiction over the ABA. *Walden*, 134 S. Ct. at 1122.

The fact that InfiLaw, CSL's parent, is headquartered in Florida similarly makes no difference. *See* Opp. 11. Under Plaintiffs' theory, specific jurisdiction is proper based on the fact that InfiLaw controlled CSL such that when the ABA "interfaced with [CSL], in reality, they interfaced with Infilaw who [sic] is headquartered in Florida." *Id*. But what matters for personal jurisdiction is whether *the ABA*'s allegedly negligent conduct occurred in Florida. That the ABA met with InfiLaw does not matter unless the ABA interfaced with InfiLaw *in Florida*. *See Walden*, 134 S. Ct. at 1122. And even then, the Eleventh Circuit has held that "meetings in the forum state . . . will not support specific jurisdiction," *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1292 (11th Cir. 2000), unless those meetings formed a "significant" part of the dispute. *See Sea Lift, Inc. v. Refinadora Costarricense de Petroleo, S.A.*, 792 F.2d 989, 993 (11th Cir. 1986).

The allegations in the Second Amended Complaint fall far short of alleging a *prima facie* case of specific personal jurisdiction over the ABA.

### III. PLAINTIFFS' NEGLIGENT ACCREDITATION CLAIM FAILS AS A MATTER OF LAW.

Assuming this Court has personal and subject matter jurisdiction, Plaintiffs' negligent

4

accreditation claim fails as a matter of law. Plaintiffs concede that no court has ever recognized that accreditors owe a common law duty to parties that are not involved in the accreditation process, like students and faculty. *See* Opp. 17; Mot. 14–20. Relying instead on the voluntary undertaking doctrine, Plaintiffs argue that the ABA voluntarily assumed a legal duty to certify CSL "commensurate with the obligations set forth in Title IV of the HEA." Opp. 16.

By framing their claim as a tort, Plaintiffs are trying to avoid a uniform body of precedent holding that there is no private cause of action under Title IV of the HEA. *See McCulloch v. PNC Bank Inc.*, 298 F.3d 1217, 1221 (11th Cir. 2002) ("nearly every court to consider the issue in the last twenty-five years has determined that there is no express or implied private right of action to enforce any of the HEA's provisions."). But Courts have routinely rejected attempts, like those by Plaintiffs here, to "circumvent the [HEA's] statutory and regulatory scheme" by recasting their claim as a violation of state law. *Cf Gibbs v. SLM Corp.*, 336 F. Supp. 2d 1, 16 (D. Mass. 2004) (holding that plaintiff "cannot circumvent the statutory and regulatory scheme by calling his [HEA] claim a breach of contract"); *see also McCullogh*, 298 F.3d at 1226–27 (rejecting "HEA violations pled in RICO terms."). This Court should do the same.

Moreover, courts have held that the HEA preempts state-law claims based on alleged violations of that statute. *See, e.g.*, *New York Inst. of Dietetics, Inc. v. Great Lakes Higher Educ. Corp.*, No. 94 Civ. 4858 (LLS), 1995 WL 562189, at *5 (S.D.N.Y. Sept. 21, 1995). So, even if a claim against the ABA exists under state common law, the HEA would preempt it and Plaintiffs' claim should be dismissed.

Dated:  June 27, 2018

Respectfully submitted,

By: */s/ Johanna W. Clark*
Johanna W. Clark
Florida Bar No. 196400
Email:  jclark@carltonfields.com
**Carlton Fields Jorden Burt P.A.**
450 S. Orange Ave.
Suite 500
Orlando, Florida  32801
Telephone No.  (407) 244-8257
Facsimile No.   (407) 648-9099

Anne E. Rea (IL 6188384)*
area@Sidley.com
Tacy F. Flint (IL 6284806)*
tflint@Sidley.com
Steven Horowitz (IL 6307861)*
shorowitz@Sidley.com
Benjamin I. Friedman (IL 6317623)*
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, Illinois 60603
Telephone No.  (312) 853-7000
Facsimile No.   (312) 853-7036

* *Admitted pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record in this case.

       */s/ Johanna W. Clark*
       Johanna W. Clark
       jclark@carltonfields.com
       **Carlton Fields Jorden Burt P.A.**
       450 S. Orange Ave.
       Suite 500
       Orlando, Florida  32801
       (407) 244-8257