**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

UNITED STATES OF AMERICA,
*ex rel.* BARBARA BERNIER;
BARBARA BERNIER; and ESE LOVE,

Plaintiffs,

v.

INFILAW CORPORATION;
CHARLOTTE SCHOOL OF LAW, LLC;
AMERICAN BAR ASSOCIATION,
d/b/a COUNCIL OF THE SECTION
OF LEGAL EDUCATION AND
ADMISSIONS TO THE BAR; and
AMERICAN BAR ASSOCIATION,
d/b/a ACCREDITATION COMMITTEE
OF THE SECTION OF LEGAL
EDUCATION AND ADMISSIONS
TO THE BAR,

Defendants.

Case No. 6:16-cv-00970-RBD-TBS

**ORAL ARGUMENT REQUESTED**

**INFILAW CORPORATION AND CHARLOTTE SCHOOL OF LAW, LLC'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

Plaintiff's Opposition (Dkt. No. 98, "Opposition" or "Opp.") misinterprets the law and relies on arguments that have been rejected by nearly every court to consider them.

**1. Plaintiff's "Race to Amend" with *Lorona* Does Not Make Her a First Filer.**

Plaintiff argues that she escapes the first-to-file bar because "for fourteen days this action and *Lorona* lacked an operative complaint, and [she] beat the *Lorona* relator back to the courthouse to get her [amended] *qui tam* [complaint] on file," citing *Rockwell Int'l Corp. v. United States*, 549 U.S. 457 (2007). Dkt. 98 ("Opp.") at 6–7.[1] But the first-to-file bar hinges on when an action is *brought* (*i.e.*, commenced), not when an amended pleading might be filed. *See* 31 U.S.C. § 3730(b)(5) ("When a person brings an action under [the FCA], no person other than the Government may intervene or bring a related action based on the facts underlying the pending action."); *U.S. ex rel. Chovanec v. Apria Healthcare Grp. Inc.*, 606 F.3d 361, 362 (7th Cir. 2010) ("One 'brings' an action by commencing suit."); *Harris v. Garner*, 216 F.3d 970, 974 (11th Cir. 2000) ("A suit is brought when in law it is commenced."). Here, Plaintiff brought her action on June 6, 2016, while two related, earlier-commenced FCA cases, *Lorona* and *O'Connor*, both were pending. *See* Dkt. No. 88 ("Mot.") at 8–15.

*Rockwell* is inapposite and does not support Bernier's position; that case addressed the public disclosure bar, based its holding on the text of that provision, and never mentioned the first-to-file bar. *See Rockwell*, 549 U.S. at 473 (examining text of § 3730(e)(4) and concluding that "[t]he statute speaks not of the allegations in the 'original complaint' . . . but of the relator's

---

1 Bernier's unsupported claim that a case is not "pending" when the complaint is stricken with leave to amend is incorrect. *E.g.*, *Axel Johnson Inc. v. Arthur Andersen & Co.*, 6 F.3d 78, 84 (2d Cir. 1993) ("Rather, a case remains 'pending,' and open to legislative alteration, so long as an appeal is pending or the time for filing an appeal has yet to lapse."); *U.S. ex rel. Carter v. Halliburton Co.*, 19 F. Supp. 3d 655, 661–62 (E.D. Va. 2014) ("[A] relator's pending appeal operates to bar any successive related claims until the appeal is decided.").

'allegations' *simpliciter*"). By contrast, the first-to-file bar refers to the filing of the original complaint. *See* 31 U.S.C. § 3730(b)(5); *U.S. ex rel. Carter v. Halliburton Co.*, 144 F. Supp. 3d 869, 882 (E.D. Va. 2015) ("[T]he Supreme Court's statements in *Rockwell* are inapplicable to the first-to-file context."); *aff'd sub nom. U.S. ex rel. Carter v. Halliburton Co.*, 866 F.3d 199 (4th Cir. 2017), *cert. denied* 2018 WL 587746 (Jun. 25, 2018); *U.S. ex rel. Moore v Pennrose Props., LLC*, 2015 WL 1358034, at *14 (S.D. Ohio 2015) ("[I]n contrast to the language of the public disclosure bar discussed in *Rockwell*, the language of the first-to-file bar . . . suggest[s] that Congress intended to isolate the determination of subject matter jurisdiction to the time of filing [the initial] complaint.").

Plaintiff's incorrect approach would effectuate precisely the problem the first-to-file bar was designed to prevent: allowing an opportunist to oust a true whistleblower (and claim the spoils) by waiting for temporary dismissal and filing a new complaint before the original relator amends. *See In re Natural Gas Royalties Qui Tam Litig.*, 566 F.3d 956, 961 (10th Cir. 2009) ("The first-to-file bar . . . functions both to eliminate parasitic plaintiffs who piggyback off the claims of a prior relator, and to encourage legitimate relators to file quickly by protecting the spoils of the first to bring a claim."); *Wisconsin v. Amgen, Inc.*, 516 F.3d 530, 532 (7th Cir. 2008) ("Congress didn't want . . . bounty hunters piling into the first-filed suit and fighting over the division of the spoils, or, to the same end, bringing separate such suits.").

**2. Plaintiff's action is also barred by *O'Connor*.**

Plaintiff cannot avoid the first-to-file bar based on *O'Connor* merely because it ended *after* Plaintiff brought this action. Opp. at 3-5. Bernier fundamentally misreads *Kellogg Brown & Root Servs., Inc. v. U.S. ex rel. Carter*, 135 S. Ct. 1970 (2015). *Carter* recognized that the

first-to-file bar requires dismissal of any FCA action *commenced* while an earlier-filed related action is "pending." *Id.* at 1978. But such a dismissal is without prejudice *as to filing a new, separate action* if the earlier-filed case subsequently ends. *Id.* at 1979; *see, e.g.*, *Carter*, 866 F.3d at 206–10 (explaining the only remedy for a first-to-file bar violation is dismissal without prejudice as to filing a new action); *U.S. ex rel. Shea v. Cellco P'ship*, 863 F.3d 923, 929–30 (D.C. Cir. 2017) (same).[2] Thus, dismissal is appropriate here regardless of *O'Connor*'s subsequent conclusion.

**3. The First-to-File Bar Has No Exceptions.**

Plaintiff suggests that jurisdictionally defective or inadequately pleaded earlier-filed cases (*i.e.*, *Lorona*) do not trigger the first-to-file bar. Opp. at 7–11. While a few courts have recognized such exceptions, most have rejected them for two reasons. First, the text of the first-to-file bar does not mention any exception, so most courts (including the Eleventh Circuit) consider it an "exception free" rule. *See* 31 U.S.C. § 3730(b)(5); *see, e.g.*, *U.S. ex rel. Carson v. Manor Care, Inc.*, 851 F.3d 293, 305 (4th Cir. 2017) ("The first-to-file rule is 'an absolute, unambiguous exception-free rule.'" (citation omitted)); *U.S. ex rel. Wilson v. Bristol-Myers Squibb, Inc.*, 750 F.3d 111, 117 (1st Cir. 2014) (same); *Makro Capital of Am., Inc. ex rel. U.S. v. UBS AG*, 2006 WL 4448860, at *4 & n.9 (S.D. Fla. 2006) (rejecting relation-back argument, in part, because the first-to-file bar is exception free), *aff'd sub nom. Makro Capital of Am., Inc. v. UBS AG*, 543 F.3d 1254 (11th Cir. 2008); *United States v. Omnicare, Inc.*, 2014 WL

[2] Plaintiffs' only contrary authorities are either on appeal, *see U.S. ex rel. Wood v. Allergan, Inc.*, 246 F. Supp. 3d 772, 794 (S.D.N.Y. 2017), or were admittedly in error, *see U.S. ex rel. Palmieri v. Apharma, Inc.*, 2016 WL 7324629, at *12 (D. Md. 2016) ("I erred in *Palmieri I* when I determined that it would elevate form over substance to dismiss without prejudice, merely because Palmieri could refile his suit. That is what the first-to-file rule required."). Here, the case should be dismissed with prejudice only because further amendment would be futile. Mot at 15-32 & n.18; Dkt. No. 71 at 19-20.

1458443, at *6 n.3 (N.D. Ill. 2014) (explaining that Sixth Circuit's position in *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 972 (6th Cir. 2005) "has not been adopted by any other Circuit and has been either expressly rejected or questioned by several other courts").

Second, permitting first-to-file exceptions that turn on the sufficiency of complaints pending in *other* courts "would create a strange judicial dynamic, potentially requiring one district court to determine the sufficiency of a complaint filed in another district court, and possibly creating a situation in which the two district courts disagree on a complaint's sufficiency." *U.S. ex rel. Batiste v. SLM Corp.*, 659 F.3d 1204, 1210–11 (D.C. Cir. 2011); *see also, e.g.*, *U.S. ex rel. Branch Consultants v. Allstate Ins. Co.*, 560 F.3d 371, 378 n.10 (5th Cir. 2009) ("The sufficiency of [a] complaint under Rule 9(b) is a matter for that court to decide in the first instance.").[3] The Court should decline the invitation to add such a requirement here.

**4. Plaintiffs' FCA Claims Are Still Missing Critical Details.**

Rules 8 and 9(b), the FCA, and this Court's previous Order required Plaintiff to plead specific facts, not formulaic recitations and conclusions, which she has failed to do. *See* Mot. at 15–32. Essentially conceding this, she complains Defendants have "refused to produce any PPAs," that she doesn't need details because she can plead scienter generally, and that she was an "insider." Opp. at 12–19. Plaintiff conflates the element of scienter with the details she is required to demonstrate as the basis for her claims—*i.e.*, that she is a whistleblower not an opportunist—and that actual misconduct occurred. Indeed, the 2009 provisional PPA Defendants provided, along with Bernier's previous averments, demonstrate she has no

[3] Plaintiff's reliance on *U.S. ex rel. Poteet v. Medtronic, Inc.*, 552 F.3d 503, 516 (6th Cir. 2009), and *Campbell v. Redding Med. Ctr.*, 421 F.3d 817, 825 (9th Cir. 2005) is misplaced, as those cases relied on a superseded version of the public disclosure bar that was jurisdictional. The first-to-file analysis in *Poteet* is also dictum. *See U.S. ex rel. Folliard v. Synnex Corp.*, 798 F. Supp. 2d 66, 75 (D.D.C. 2011).

personal knowledge of its entry.[4] *Compare* Dkt. No. 73 ¶ 75 (alleging that Love, Clark, and Hill signed PPA), *with* Dkt. No. 88-6 at 17 (PPA signed by Dennis Stone), *and* Dkt. No. 1 ¶¶ 97–98 (no date alleged), *and* Dkt. No. 48 ¶¶ 54-55 (alleging implicitly that CSL executed its PPA in 2011).[5] Further, the Eleventh Circuit has rejected the argument that an "insider" is entitled to relaxed pleading standards where there are other indicia of reliability and the information needed to "properly plead [a] claim is exclusively in the hands of the Defendant[.]" *U.S. ex rel. Keeler v. Eisai, Inc.*, 568 F. App'x 783, 800–03 (11th Cir. 2014) (distinguishing *Hill v. Morehouse Med. Assocs., Inc.*, 2003 WL 22019936 (11th Cir. 2003), and stating: "Most concerning, however, is that many of the details that were required to have been pleaded and should have been known to Relator are absent from the Complaint").

**5. Plaintiff's Common Law Claims Are Time-Barred.**

Plaintiff is also wrong that the Court cannot dismiss her common law claims because the timeliness inquiry is too "fact specific." Opp. at 19–20. Plaintiff does not and cannot challenge that: the statute of limitations bars any claim that accrued before May 7, 2014 (*id.* at 20); her alleged harm occurred in 2012 (Dkt. No. 73 ¶ 143); and, by her own account, she was on notice of the purported violations (establishing accrual) long before May 7, 2014.[6] *See, e.g., id.* ¶¶ 89, 92.

---

[4] Plaintiff's cited cases regarding the personal knowledge required of relators all interpret the original source requirement of the public disclosure bar, and are therefore inapposite. *See* Opp. at 13-14. Defendants addressed Bernier's disingenuous description of *U.S. ex rel. Miller v. Weston Educ., Inc.*, 2012 WL 6190307, at *5 (W.D. Mo. 2012) in their opening brief. *See* Opp. at 15, addressed in Mot. at 18-19.

[5] Plainly, for example, Bernier does not understand that multi-year PPAs do not have annual "recertifications," or "reapplications" and are instead valid for up to six years. 34 C.F.R. § 668.13(b). Far from "semantics" (Opp. at 12), Bernier's erroneous insistence on the "annual" nature of the very certifications she contends create liability reveals her lack of knowledge regarding the PPA process generally and of Defendants' PPAs specifically.

[6] Further, the Court need not address the timeliness of Plaintiff's gross negligence claim because it fails for other reasons, which Plaintiff concedes by not addressing in her Opposition. *See* Mot. at 33–45.

Dated: July 3, 2018

Respectfully submitted,

*/s/ Mazda K. Antia*

**Mazda K. Antia, Esq.** (*pro hac vice*)
**COOLEY LLP**
4401 Eastgate Mall
San Diego, CA 92121
Tel: 858-550-6000
Fax: 858-550-6420
Email: mantia@cooley.com

**David E. Mills, Esq.** (*pro hac vice*)
**COOLEY LLP**
1299 Pennsylvania Avenue
Washington, D.C. 20004
Tel: (202) 842-7800
Fax: (202) 842-7899
Email: dmills@cooley.com

**Vincent A. Citro, Esq.**
Florida Bar. No. 0468657
**LAW OFFICES OF HORWITZ & CITRO, P.A.**
17 East Pine Street
Orlando, FL 32801
Tel: (407) 843-7733
Fax: (407) 849-1321
Email: vince@horwitzcitrolaw.com

*Counsel for Defendants InfiLaw Corporation and Charlotte School of Law, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 3, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record, including the following:

Coleman W. Watson, Esq.
Alberto Tomas Montequin, Esq.
Leia Villasenor Leitner, Esq.
Ronika Julleen Carter, Esq.
Watson LLP
189 S. Orange Avenue, Suite 810
Orlando, FL 32801

*Counsel for Relator and Plaintiffs*

Johanna W. Clark, Esq.
Florida Bar No. 196400
Carlton Fields Jorden Burt P.A.
450 S. Orange Ave., Suite 500
Orlando, FL 32801

Anne E. Rea, Esq.
Benjamin I. Friedman, Esq.
Steven Horowitz, Esq.
Tacy F. Flint, Esq.
Sidley Austin LLP
One S Dearborn St
Chicago, IL 60603

*Counsel for Defendants American Bar Association Council of the Section of Legal Education and Admissions to the Bar and American Bar Association Accreditation Committee of the Section of Legal Education and Admissions to the Bar*

Jeremy Ronald Bloor, Esq.
US Attorney's Office
Suite 3100
400 W Washington St.
Orlando, FL 32801

*Counsel for United States of America*

*/s/ Mazda K. Antia*
Mazda K. Antia, Esq.
*Counsel for Defendants*

179532195